In the Matter of the MARRIAGE OF Donald Paul JONES and Rosemary Jaworsky Droxler Jones and in the Interest of Karissa Holloway Jones and Katryna Marie Jones, Minor Children.

Dr. Laurence Abrams, Appellant,

v.

Donald Paul Jones, Appellee.

No. 14–96–01525–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1999.

**378**

Spencer Edward Dunn, Dennis M. Beck, Paul C. Murphy IV, Houston, for appellants.

Marshall D. Brown, Jr., Patricia A. Batton, James C. Henry, Houston, for appellee.

Before Justices ANDERSON, EDELMAN, and LEE.*

## CORRECTED MAJORITY OPINION

NORMAN LEE, Justice (Assigned).

We withdraw the opinion issued October 15, 1998, and substitute the following in its place.

\* Senior Justice Norman R. Lee sitting by assignment.

In this appeal, we must decide whether a licensed clinical psychologist is, upon proper request, required to disclose a minor patient's confidential mental health records to that patient's parent. We find that he is. Accordingly, we will affirm the trial court's judgment.

### Background

In 1991, Donald Jones and Rosemary Jaworski Droxler were divorced and entered into a standard custody agreement in which they were named joint managing conservators of their daughters, Karissa and Katryna. In 1993, Jones filed a motion to modify, seeking to be designated as the children's sole managing conservator. The parties eventually agreed to remain as joint managing conservators and entered into a second custody order. Pursuant to section 153.073 of the Texas Family Code, the revised custody order provided that Jones and Droxler were entitled to equal access to Karissa's and Katryna's medical, dental, psychological, and educational records. *See* TEX. FAM.CODE ANN. § 153.073 (Vernon 1992).

In December of 1995, Droxler took Karissa to Dr. Laurence Abrams, a licensed psychologist, for counseling. Karissa initially refused to talk to Abrams, fearing that he would tell her parents what she told him. After Abrams assured her their conversations would remain confidential, Karissa agreed to participate in counseling.

In February of 1996, Jones learned, for the first time, that Karissa was in therapy. Jones subsequently contacted Abrams and requested copies of Karissa's psychological records. Abrams denied Jones' request, explaining the records were confidential and that he believed disclosure would be detrimental to Karissa's emotional and mental well-being. After additional unsuccessful attempts to obtain the records, Jones filed suit against Abrams in district court.[1] The trial court conducted an evidentiary hearing, found that Jones was entitled to disclosure, and ordered Abrams to turn over Karissa's records.

1. Karissa was eleven years old when Jones filed suit against Abrams.

On appeal, Abrams raises nine points of error asserting (1) the trial court erred in failing to properly construe and apply certain provisions of the Texas Health and Safety Code and the Texas Family Code, and (2) the evidence was legally and factually insufficient to support the trial court's judgment.

## Analysis

*Point of Error One*

■ Abrams' first point of error contends the trial court erred by ordering him to turn over Karissa's psychological records to Jones because Jones "does not have a statutory right to [the records]." More specifically, Abrams argues that under Texas law, a psychologist may legally refuse to disclose a patient's confidential mental health records if the psychologist has determined that disclosure would be detrimental to that patient's mental or emotional well-being. Because he has made such a determination in this case, Abrams argues, he is not required to turn over Karissa's records, and the trial court erred in directing him to do so. Although neither party has cited, nor have we found, any Texas authority directly addressing this question, the parties agree the issue is governed by Chapter 611 of the Texas Health and Safety Code (the "Code").

Section 611.002 of the Code provides that as a general rule, communications between a patient and professional are confidential. *See* TEX. HEALTH & SAFETY CODE ANN. § 611.002(a) (Vernon 1992).[2] A professional may not disclose his patient's confidential records except as provided by sections 611.004 or 611.0045 of the Code. *See id.* § 611.002(b) (Vernon Supp.1998). Section 611.004 authorizes a professional to disclose a patient's records only to specified persons.

*See id.* § 611.004(a). Specifically, subsection (a)(4) provides that a professional "may" disclose a minor patient's mental health records to that patient's parent.[3] *See id.* § 611.004(a)(4).

Section 611.0045 of the Code identifies those individuals who are entitled, upon proper request, to obtain a patient's confidential mental health records. That section provides, in part:

(a) Except as otherwise provided by this section, a patient is entitled to have access to the content of a confidential record made about the patient.

(b) The professional may deny access to any portion of a record if the professional determines that release of that portion would be harmful to the patient's physical, mental, or emotional health.

. . . .

(f) The content of a confidential record shall be made available to a [parent of a minor patient] who is acting on the patient's behalf.

*Id.* § 611.0045(a),(b),(f). Abrams argues we should interpret section 611.0045 to mean that he may refuse Jones' request to obtain Karissa's confidential records because Abrams has determined that disclosure would harm Karissa's mental and emotional well-being.

■ The goal of statutory construction is to give effect to the intent of the Legislature. *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997). If the statutory language is unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. *See St. Luke's Episcopal Hosp. v. Agbor,* 952

---

**2.** Section 611.001 of the Code provides, in pertinent part:

    In this chapter:

    (1) "Patient" means a person who consults or is interviewed by a professional for diagnosis, evaluation, or treatment of any mental or emotional condition or disorder, including alcoholism or drug addition.

    (2) "Professional" means:

    . . . .

    (B) a person licensed or certified by this state to diagnose, evaluate, or treat any mental or emotional condition or disorder.

**3.** Section 611.004 provides, in pertinent part:

    (a) A professional may disclose confidential information only:

    . . . .

    (4) to a person who has the written consent of the patient, or a parent if the patient is a minor, or a guardian if the patient has been adjudicated as incompetent to manage the patient's personal affairs.

    TEX. HEALTH & SAFETY CODE ANN. 611.004(a)(4).

S.W.2d 503, 505 (Tex.1997). The Legislature's intent is determined from the plain meaning of the words used. *See id.* In other words:

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... [Courts] are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*Id.* (quoting *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920)).

We find the language of section 611.0045 is clear, direct, and, when construed as written, not devoid of meaning. Although section 611.0045(b) speaks in general terms regarding the circumstances in which a professional *may* refuse to disclose a patient's records, subsection (f) specifically sets forth those circumstances in which a professional *must* disclose those records.[4] In particular, subsection (f) provides that upon proper request, the professional is required to turn over a minor patient's mental health records to that patient's parent. The language used in subsection (f) is mandatory in nature,[5] and Abrams has neither cited, nor have we found, any authority indicating the Legislature intended section 611.0045 to give a professional the unqualified right to refuse to disclose a minor patient's records to that patient's parent. Accordingly, Abrams' first point of error is overruled.

*Points of Error Two & Three*

■■■ Abrams' second and third points of error contend the evidence adduced at the evidentiary hearing is legally and factually insufficient to support the trial court's judgment. In a bench trial, where no findings of fact or conclusions of law are filed, the judgment of the trial court implies all necessary findings of fact to support it. *See Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996). Where a complete reporter's record is made part of the appellate record, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency points. *See Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). Where these points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *See id.*

When presented with a "no evidence" or legal sufficiency point, we consider all of the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *See Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.1998). If there is any evidence of probative force to support the challenged findings, the no evidence point fails. *See ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex.1997). When reviewing the factual sufficiency of the evidence, we must examine the entire record, considering and weighing all of the evidence, both in support of, and contrary to, the challenged findings. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). The trial court's findings must be upheld unless the evidence is so weak or the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See id.*

■■■ Where the implied findings of fact are supported by the evidence, it is our duty to uphold the judgment on any theory of law applicable to the case. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).[6]

---

4.  *See Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex.1996) (noting that a specific provision of a statute controls over a general one).

5.  *See Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex.1996) (holding that when used in a statute, the term "shall" is generally construed to be mandatory in nature).

6.  In their briefs, the parties devote considerable time debating whether Jones is entitled to Karissa's records pursuant to the custody order between Jones and Droxler and the statutory language contained therein. *See* TEX. FAM.CODE ANN.

This is true regardless of whether the trial court articulates the correct legal basis for its judgment. *See Harrington v. Railroad Comm'n*, 375 S.W.2d 892, 895 (Tex.1964).

The undisputed testimony presented during the evidentiary hearing establishes the following: (1) Karissa is a minor child, (2) Jones is Karissa's father, (3) Abrams is a professional and Karissa is a patient as defined by the Code, (4) Abrams is in possession of Karissa's confidential mental health records, (5) Jones requested copies of Karissa's records from Abrams, and (6) Abrams denied Jones' request.

Abrams first argues the above evidence, even if true, does not support the trial court's turnover order because Abrams has determined that releasing Karissa's records would not be in Karissa's best interests and would, in fact, be harmful to her emotional and mental health. As previously noted, however, section 611.0045(f) of the Code specifically provides that upon proper request, a professional *must* turn over a minor patient's mental health records to that patient's parent. Thus, as we read the statute, the Legislature has expressly taken the decision regarding whether to disclose a minor patient's mental health records from the professional and given that decision to the minor patient's parent.

Abrams next argues the evidence is insufficient to support the trial court's order because there is conflicting evidence as to whether Jones requested the records "on Karissa's behalf" as required by section 611.0045(f) of the Code. Abrams emphasizes that at the evidentiary hearing, he testified that Karissa asked him not to turn over the records to either Jones or Droxler and that he was acting on her behalf by refusing to surrender the records. Stated differently, Abrams contends that because he is following Karissa's wishes, he is "acting on behalf" of Karissa as contemplated by the Code. We disagree.

Although the phrase "acting on the patient's behalf" is not defined, we are not persuaded the Legislature intended, as Abrams argues, that a parent's request for his or her child's mental health records must be accompanied by the child's consent. It is well-settled that when examining the language of a particular statute, we presume the Legislature enacted the statute with complete knowledge of the existing law affecting or relating to the statute. *See, e.g., Wichita County, Tex. v. Hart*, 917 S.W.2d 779, 782 (Tex.1996).

When section 611.0045 of the Code was enacted, the Texas Family Code provided (and continues to provide) that a parent has, among other rights, privileges, duties, and powers: (1) the duty of care, control, protection, and reasonable discipline of the child, (2) the power to make any decisions of substantial legal significance concerning the child, and (3) any other right or duty existing between a parent and child by virtue of law. *See* TEX. FAM.CODE ANN. § 12.04(2), (7) (Vernon 1986) (current version at TEX. FAM.CODE ANN. § 151.003(2), (7) (Vernon 1996)). The Legislature has therefore made it clear that as between parent and child, the *parent* is responsible for making decisions relating to the child's welfare. This responsibility, of course, extends to any parent (such as Jones) who is appointed as either joint or sole managing conservator of the child. *See id.* § 14.02(a) (current version at TEX. FAM.CODE ANN. § 153.073).[7] Consequently, we conclude that by requesting that Abrams turn over Karissa's mental health records, Jones was necessarily "acting on behalf" of Karissa as contemplated by section 611.0045(f) of the Code.

§ 153.073 (allowing joint managing conservators equal access to their child's psychological records). In fact, Abrams' fourth through ninth points of error assert several reasons why the custody order cannot serve as a proper basis for the trial court's turnover order. Because we find the court's order compelling disclosure is proper under § 611.0045(f) of the Texas Health and Safety Code, we need not decide whether the language contained within the custody order ob-

ligates Abrams to provide Jones with the records in question.

7. Abrams does not dispute that as Karissa's joint managing conservator, Jones possesses all the rights of a parent under the Texas Family Code, including the right of access to Karissa's psychological records. *See* TEX. FAM.CODE ANN. § 153.073(a)(2).

In conclusion, we find the evidence in this case, when viewed in the light most favorable to Jones, is legally sufficient to support the trial court's implied finding that Abrams must disclose Karissa's mental health records. Furthermore, because Abrams has neither cited, nor have we found, any evidence in the record to contradict the evidence establishing Jones' right to obtain Karissa's records, we have no basis to conclude the trial court's implied finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See, e.g., Ortiz,* 917 S.W.2d at 772. Accordingly, Abrams' second and third points of error are overruled, and the judgment of the trial court is affirmed.

### RICHARD H. EDELMAN, Justice, dissenting.

Without the written consent of the patient, the only authority by which Jones may gain access to Dr. Abrams's records concerning Karissa is under Sections 611.045(f) and 611.004(a)(4) of the Texas Health and Safety Code.[1] Read together, those sections state that "[t]he content of a confidential record shall be made available to [a parent of a minor patient] who is acting on the patient's behalf."

In analyzing the effect of this provision, the majority opinion states:

> The Legislature has therefore made it clear that as between parent and child, the *parent* is responsible for making decisions relating to the child's welfare.... Consequently, we conclude that by requesting that Abrams turn over Karissa's mental health records, Jones was necessarily "acting on behalf" of Karissa as contemplated by section 611.0045(f) of the Code.

In construing a statute, we give effect to all of the words and do not treat any of the language as surplusage, if possible. *See, e.g., City of Amarillo v. Martin,* 971 S.W.2d 426, 430 (Tex.1998). Under the majority opinion, a parent requesting mental health records for their minor child is *presumed* to be acting on the child's behalf. However, had the Legislature intended to give parents such a presumed, automatic, or absolute right to disclosure of their minor children's medical records in subsection (f), there would have been no purpose for including the qualification "who is acting on the patient's behalf." Therefore, to interpret subsection (f) to give parents an absolute right to disclosure would treat that phrase as surplusage and render it meaningless.

By contrast to the majority position, I believe that inclusion of the language "who is acting on the patient's behalf" in subsection (f) reflects a recognition by the Legislature that parents cannot always be presumed to be acting on their child's behalf when seeking access to the child's medical records. Rather, situations can be envisioned in custody disputes and otherwise where disclosure of a child's medical records, particularly their mental health records, will further only the interests of the parent and possibly even be detrimental to the child. Because no showing was made in this case that Jones was acting on Karissa's behalf in seeking access to her medical records, I would reverse the judgment of the trial court and render a take-nothing judgment.

---

1. I read Section 153.073 of the Texas Family Code to merely provide that the rights held by a parent as conservator of a child are equivalent to those held by an ordinary parent. Therefore, a conservator parent's rights are subject to the same limitations under applicable law as those of an ordinary parent, including that under Section 611.0045(f) of the Texas Health & Safety Code.

Similarly, I read Section 611.0045(b) of the Health & Safety Code to allow a professional to deny access to medical records only to the *patient,* as alluded to in subsection (a), and not to a person referred to in subsection (f).