Joseph C. HORNE and Padgett's Used Cars, Inc., Appellants,

v.

Billy C. ROSS and wife, Shirley Ross, Appellees.

No. 04–88–00403–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1989.

Elwood Cluck, San Antonio, for appellants.

John J. Clayton, Jerry R. Tucker, Sr., San Antonio, for appellees.

Before REEVES, CHAPA and CARR, JJ.

OPINION

REEVES, Justice.

In 1972, appellees Billy C. Ross and his wife Shirley Ross purchased Lot 9 in the Oak Ridge subdivision of Kendall County. The subdivision plat, referred to in the Rosses' deed and shown to Mr. Ross at closing, designates a road extending from Highway 87 to their property over Lots 7 and 8 which are now owned by appellant Joseph C. Horne. Horne is also the owner

of appellant, Padgett's Used Cars, Inc. From the time they purchased Lot 9, the Rosses and their invitees used this road as the exclusive means of ingress to and egress from Lot 9. Shortly after Horne purchased Lots 7 and 8 in 1983, he erected a gate across the road. This suit resulted. We affirm the trial court's judgment awarding the Rosses an easement in the road.

Oak Ridge is a 585.71 acre tract of land that was subdivided into 12 lots. The subdivision plat was filed in the Kendall County deed records in 1952. A simplified drawing of the portion of the subdivision in controversy is appended to this opinion for reference.

Lots 10 and 11 are located in the northern portion of the subdivision and abut Waring Road, which runs east and west. Lot 9 lies south of and contiguous to Lots 10 and 11; Lot 8 lies south of and contiguous to Lot 9; Lot 7 lies south of an contiguous to Lot 8. Lot 9 is bordered on the west and east by lands lying outside the subdivision. Lot 7 abuts U.S. Highway 87, which has been expanded to become Interstate Highway 10. A 40 foot strip of land labeled "road" is depicted extending from Highway 87 at the northwest corner of Lot 7 along and parallel to the western boundary of Lot 8 to the southwest corner of Lot 9.

Each conveyance of Lot 9 from the original owner through the Rosses' seller was made with reference to the recorded subdivision plat. The Rosses relied on the existence of the road when they purchased Lot 9. They testified that it was the only means of access to their property.

The road had been maintained by Kendall County from the time the Rosses purchased their lot. In 1983, Horne erected and locked a gate across the road where it abuts the Interstate 10 access road. The county sought an injunction to keep the road open on the ground it was a public road. Horne filed a two-count cross-action and counterclaims against the Rosses and Kendall County. He sought a declaratory judgment that they have no title to the road or right to use it, and he also sought a judgment of title to the road.

The Rosses, in turn, filed their own counterclaim seeking a declaratory judgment that the road is either a public road or that they have an easement across it. They also prayed for costs and attorney's fees.

After trial to the court, judgment was rendered awarding a permanent easement and right-of-way over the road to the Rosses, and forbidding Horne from obstructing the easement. The Rosses were also awarded attorney's fees and costs.

The trial court supported its award of the easement on the grounds: (1) that the conveyance of Lot 9 to the Rosses was made with reference to the subdivision plat which indicated the presence of the road; (2) that the road was an easement of necessity; and (3) that the road was a private easement by prescription. The court also held that there was no evidence of an implied dedication of the road to public use and that the evidence was insufficient to establish a public easement by prescription. Kendall County has not appealed the latter two holdings.

■ Conveyance of land by reference to a map or plat showing abutting roads or streets results in the purchaser, or one holding under him, acquiring a private easement in the roads or streets shown on the plat. *City of San Antonio v. Olivares,* 505 S.W.2d 526, 530 (Tex.1974); *Dykes v. City of Houston,* 406 S.W.2d 176, 181 (Tex. 1966). The purchaser has a right to keep the roads or streets open and to make reasonable use of them, even when the plat has not been recorded and the roads or streets have not been dedicated to public use. *Dykes,* 406 S.W.2d at 181.

Horne argues that there can be no easement created by reference to the plat because it contains no language of conveyance of any rights with respect to the road, and because the depiction of the road on the plat does not establish a dedication of that strip as a roadway for the private benefit of the owners of Lot 9. Horne also argues that the plat does not effect a dedication of the road for public use, but this

argument is in accordance with the trial court's finding of no public dedication.

■ We are dealing with an easement appurtenant; that is, an easement attached to the land itself which passes with it. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 203 (Tex.1962). Such an easement may be created by a writing, in which case language of conveyance would be required. However, an easement appurtenant may also be created without a writing by dedication, implication or estoppel. *Id.* Therefore, if the easement in this case was created by implication or estoppel, it· is immaterial that there was not a dedication.

■ Some cases that discuss easements created by the sale of land with reference to a plat explain that the purchaser acquires an easement in the platted roads by implication. *Olivares*, 505 S.W.2d at 530; *City of Houston v. Fox*, 444 S.W.2d 591, 592 (Tex.1969). Other cases use estoppel as a rationale. *Drye*, 364 S.W.2d at 210; *Oswald v. Grenet*, 22 Tex. 94, 101 (1858); *Doss v. Blackstock*, 466 S.W.2d 59, 61 (Tex. Civ.App.—Austin 1971, writ ref'd n.r.e.). In other words, when land purchased is shown on a plat with an abutting road, the seller is estopped from later denying the road's existence. Still others mention neither implication nor estoppel, but state merely that a private easement attaches immediately on the purchase of the property. *Dykes*, 406 S.W.2d at 181; *Wolf v. Brass*, 72 Tex. 133, 12 S.W. 159, 160 (1888).

It is clear that the Rosses' purchase of Lot 9 by reference to the Oak Ridge subdivision plat resulted in their acquisition of an easement in the road shown on the plat. It is immaterial that there was no written dedication. Nor does it matter whether the resulting easement is described in terms of estoppel or implication. Easements of this type have been recognized and affirmed in Texas case law for over a century.

■ Horne also argues that the court erred in denying his recovery of attorney's fees and costs against the Rosses and Kendall County. In particular, he claims that he was entitled to attorney's fees and costs against the county because the trial court correctly denied its suit for injunction against him.

The final judgment prohibits Horne, Padgett's, and their agents, employees, successors and assigns from in any way obstructing the road. This is precisely the relief sought by the county. Although the court denied the county's claim that the road is public, it granted the relief sought, presumably to effectuate its declaratory judgment in favor of the Rosses. Significantly, all relief sought by Horne was denied.

The trial court did not abuse its discretion by denying costs and attorney's fees to Horne. *La COUR Du ROI, Inc. v. Montgomery County*, 698 S.W.2d 178, 188 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.); TEX.R.CIV.P. 802.

The judgment of the trial court is affirmed.

APPENDIX