NUMBER
13-01-180-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

GUADALUPE  SANDOVAL,                                                    Appellant,

 

                                                   v.

 

PATRICIO GUZMAN AND
JOSE SALINAS,                              Appellees.

 

                       On appeal from the
County Court at Law   

                                  of Kleberg County, Texas.

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                              Opinion
by Chief Justice Valdez








Appellant, Guadalupe Sandoval, brings this appeal following a
trial court order denying him possession of a thirty foot wide easement on
appellee Guzman=s tract of
land.  Sandoval attacks the trial court=s judgment by
fifteen points of error.  We affirm the
judgment of the trial court. 

I.  FACTS

On March 24, 1973, Manuel Luera and his wife purchased a tract
of land from Barbara Dawson.  The land
purchased is a rectangular partition, which the Lueras later divided into three
rectangular subdivisions. On July 11, 1988, the Lueras filed for record a plat
of the Luera Subdivision No. 1 on the eastern portion of their tract of
land.  The plat did not reference
easements of any kind.  Subsequently, the
Lueras erected a fence twenty-two feet from the southernmost property
line.  The fence creates a twenty-two
foot private access and public utility easement. The fence runs east to west
along the southernmost property line across the entire tract of land, including
what would later be divided into Subdivisions No. 2 and No. 3. 

The Lueras then sold a tract of land, Subdivision No. 1, to
Guadalupe Sandoval. Sandoval retained a twenty-two foot easement across the
southernmost property line based on the existing fence.  

The Lueras subsequently filed a second plat regarding the same
general tract of land referring to a thirty-foot private access and utility
easement, and an easement agreement was subsequently and separately filed,
specifically describing the thirty-foot easement.  








The Lueras then sold the property adjacent to Sandoval to
Manuela Mendietta, subject to all reservations of record, and Mendietta
subsequently sold that property to Patricio and Olga Guzman (AGuzman@) without any
reservations.  

The issue in this case is whether Sandoval possesses a
twenty-two foot easement across the Guzman land, according to the original
fence line, or whether he possesses a thirty foot easement under the recorded
easement agreement.

In a bench trial, the court held that Sandoval retained a
twenty-two foot easement rather than a thirty foot easement across the Guzman
property.  The trial court=s judgment is
based on findings of fact and conclusions of law that Luera did not reserve the
thirty foot easement in his deed to Mendietta. 
Therefore, the Lueras did not have the power to grant the easement to
Sandoval because the easement agreement was filed after the conveyance to
Guzman.  But, the court held that
Sandoval did have a thirty foot easement across other properties in the
subdivision because these properties were conveyed after the easement agreement
was recorded.  The appeal pertains only
to the denial of the right to expand the twenty-two foot easement to thirty
feet across Guzman=s property.








Sandoval raises fifteen issues on appeal, contending that the
trial court erred by: (1) holding the plat dated November 9, 1992, and the
Easement Agreement did not create a thirty foot public utility easement in
favor of Sandoval; (2) failing to find Mendietta, Guzman=s prior title
holder, acquired an easement by implication; (3) failing to find Guzman=s lot is
burdened by a thirty foot wide easement; (4) finding the surveyor erred in
noting an easement; (5) finding that Luera sold a tract of land to Mendietta on
November 18, 1992; (6) finding that Mendietta sold a tract of land to Guzman on
November 18, 1992; (7) finding that Mendietta and Guzman did not have
constructive notice of the easement; (8) finding that Guzman=s undivided one
half interest was not burdened by an easement; (9) finding the Easement
Agreement did not convey an easement in favor of Sandoval because it was not
recorded until November 23, 1992; (10) finding Guzman=s undivided
interests are not burdened by the November 23, 1992 easement; (11) finding that
Sandoval has an easement by necessity; (12) finding Sandoval was not entitled
to recovery against Guzman; (13) finding that Sandoval has an easement by
necessity that is twenty-two feet wide; (14) finding that Guzman and Sandoval
are not entitled to have the fence removed; and (15) finding that Sandoval did
not possess an easement by prescription or necessity any greater than that
which exists south of the southernmost fence located on the property of Guzman.   

II. STANDARD OF REVIEW








Although not specified in Sandoval=s brief, we
interpret the points of error to challenge the findings of fact and conclusions
of law.  See Waggoner v. Morrow, 932 S.W.2d 627, 631 (Tex. App.BHouston [14th
Dist.] 1996, no pet.).  Unchallenged
findings of fact are binding on an appellate court unless there is no evidence
to support the finding.  Id.  The evidence supporting them is
reviewable for legal and factual sufficiency by the same standards as evidence
supporting a jury=s answer.
 Id; see also Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.
1994).  In reviewing legal sufficiency
the appellate court considers only the evidence and inferences that tend to
support the challenged findings and disregards all
inferences to the contrary.  See
Catalina, 881 S.W.2d at 297.  A finding will be upheld if more than a
scintilla of evidence supports it.  Id.  In reviewing factual sufficiency, the
appellate court must weigh all of the evidence in the record.  See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).  Findings of fact may be overturned if they
are so against the great weight of the evidence as to be clearly unjust.  Id.  

The trial court=s conclusions
of law are always reviewable.  See Westech Eng=g,
 Inc. v. Clearwater
Constructors, Inc., 835 S.W.2d 190, 196 (Tex. App.BAustin 1992, no writ).  Conclusions of law will be upheld on appeal
if the judgment can be sustained on any legal theory supported by the evidence.
 Id.

III. 
ANALYSIS

A. The Deeds

In his first point of error, Sandoval contends the trial court
erred by finding the plat dated November 9, 1992 and the Easement Agreement
dated November 23, 1992, did not create a thirty foot easement across Guzman=s
property.  The survey dated November 9,
1992 mentioned the easement to be determined by separate agreement.  This separate Easement Agreement was signed
November 23, 1992.  The Lueras=s deed to
Mendietta is dated November 18, 1992, but was not acknowledged until November
23, 1992.  








The issue before the Court is whether the Easement Agreement
existed at the time Guzman purchased the property.  Conveyance is effective and title is
transferred upon execution and delivery of the deed.  See Burgess v. Easely, 893 S.W.2d 87,
90 (Tex. App.BDallas 1994, no
writ).  In the absence of proof to the
contrary, it will be presumed that the deed was delivered on the date of the
deed and not the date of the acknowledgment.  See Popplewell v. City of Mission, 342
S.W.2d 52, 56 (Tex. Civ. App.BSan Antonio
1960, writ ref=d).  In the case at bar, the deed was dated
November 18, 1992.  On November 19, 1992,
title transferred to Mendietta.  Later
the same day Mendietta transferred title to Guzman.  Therefore, at the time of the purchase, no
easement agreement existed to burden the property.  The evidence constitutes legally sufficient
evidence to show that Sandoval is not entitled to a thirty foot easement across
Guzman=s
property.  See Waggoner, 932 S.W.2d at 631.  








Conveyance of land by reference to a map or plat showing
abutting roads or streets results in the purchaser acquiring a private easement
in the roads or streets shown on the plat.  
See Dykes v. City of Houston, 406 S.W.2d 176, 181 (Tex. 1966);
Horne v. Ross, 777 S.W.2d 755, 756 (Tex. App.BSan Antonio
1989, no writ).  Both Dykes and Horne
concern the existence of easements for access to public streets where the deeds
referred to a plat showing the road.  Dykes,
406 S.W.2d at 181; Horne, 777 S.W.2d at
756.  However, these cases are
distinguishable.  In the case at bar, the
easement at issue was not noted in the original plat dated July 11, 1988, and
the disputed easement is not used for access to public streets.  Accordingly, Sandoval=s first point
of error is overruled.  Because we
conclude Sandoval is not entitled to a thirty foot easement based on the plat
record and the Easement Agreement, we need not address Sandoval=s third and
ninth points of error.

B. Easement by Implication

In his second point of error,
Sandoval claims the trial court erred by refusing to find that Mendietta and
Guzman failed to purchase the lot in fee simple and purchased the lot subject
to an easement by implication.  Courts
have established that the creation of easements may be by an express grant, by
implication, by estoppel, by prescription, by public dedication, by reservation
in a conveyance of land, or by the purchase of land with reference to a map or
plat showing abutting roads or streets.  See
Horne, 777 S.W.2d at 756.  Sandoval contends Mendietta, Guzman=s prior title
holder, did not purchase the property in fee simple, but purchased the property
subject to a private easement by implication. 
In order to maintain an easement by implication, the following
requirements must be met: (1) the use must be apparent; (2) the use must be
continuous; and (3) the use must be necessary. 
See Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 208 (Tex.
1963).  In the case at bar, evidence
exists that Sandoval uses the twenty two foot easement for a gas and sewer
line, but he does not use the portion of the land on the other side of the
fence, which lies twenty two feet from the southernmost property line.  The use of the thirty foot easement is not
apparent or necessary.  Therefore,
Sandoval=s use of the
thirty foot easement fails to fill the requirements for an easement by
implication.  Id. 








An easement by necessity can only be created when the
complaining party proves the easement is necessary to the use and enjoyment of
his property.  See id.  The Drye court held that a water or
sewer line into the granted estate constitutes grounds for an easement by
necessity.  See id.  All parties
in the instant case agree that Sandoval had a twenty two foot easement by
necessity because this is the only means of ingress and egress to Sandoval=s
property.  Sandoval has no claim of
necessity to expand the current twenty two foot easement to thirty feet.  We conclude that Sandoval does not maintain a
thirty foot easement by implication on Guzman=s property.  Accordingly, Sandoval=s second point
of error is overruled and the eighth, tenth, and eleventh points of error need
not be addressed.  

C. Constructive Notice

As a general rule, an instrument relating to real property
which is not recorded in the county records is binding on a subsequent
purchaser who has notice of the instrument.      Tex. Prop. Code Ann. ' 13.001 (a)
(Vernon 1984).  Such an instrument is not
binding on a subsequent purchaser for valuable consideration who has no notice
of the instrument.  Id.; see also Waggoner, 932
S.W.2d at 632.  An instrument that
is properly recorded is notice to all persons of the existence of the
instrument.  Tex. Prop. Code Ann. ' 13.002 (Vernon 1984).  Sandoval contends Mendietta and Guzman had
constructive notice of the Easement Agreement before purchasing the land.  Thus, he claims Mendietta and Guzman are
bound to the thirty foot easement. 








A purchaser is bound by every recital, reference, and reservation
contained in or disclosed by an instrument which forms an essential link in the
chain of title under which he claims.  See Westland
Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 908 (Tex. 1982).  In the case at bar, the property records did
not contain a legal description of the easement when Guzman purchased the
land.  No reference was made to the
easement in any of the deeds prior to the Easement Agreement.  Therefore, the Lueras did not reserve the
easement and have no authority to grant an easement to Sandoval regarding
property sold before the Easement Agreement.

Sandoval relies on Waggoner v. Morrow, which held that
an unrecorded partition constitutes notice. 
Waggoner, 932 S.W.2d at 632.  However, in that case, the partition created
the easement, thereby making the partition an Aessential link in the chain of title.@  Id.  In the case at bar, the Easement Agreement is
not an essential link in the chain of title because it did not create Guzman=s
property.  Also, Mendietta agreed to
convey the property to Guzman on November 18, 1992, five days before the
execution of the Easement Agreement. 
Guzman could not have inspected the grant of easement even with an
extensive search.  Furthermore, the Lueras
did not record the Easement Agreement until after Guzman purchased the
property.  Therefore, neither Mendietta
nor Guzman had constructive notice of the Easement Agreement.   Accordingly, Sandoval=s fifth, sixth,
and seventh points of error are overruled.

D. Conclusions of Law








The twelfth, thirteenth, fourteenth and fifteenth points of
error challenge the trial court=s conclusions
of law.  The trial court=s conclusions
of law are always reviewable.  See Westech, 835
S.W.2d at 196.  We previously
found Sandoval failed to fulfill the requirements for an easement by
implication.  Accordingly, the twelfth
point of error contending the trial court incorrectly applied the legal theory
of easement by implication is overruled. 


The final three points of error contend the trial court erred
in its conclusion that Sandoval did not possess an easement by prescription of
necessity any greater than that which exists south of the southernmost fence
located on Guzman=s
property.  Conclusions of law will be
upheld on appeal if the judgment can be sustained on any legal theory supported
by the evidence.  Id.  We
previously found that the trial court could have concluded that Sandoval
presented no evidence proving the necessity of extending the easement.  Therefore, Sandoval=s twelfth,
thirteenth, fourteenth, and fifteenth points of error are overruled.  

After reviewing the evidence, we conclude more than a scintilla
of evidence exists to support the trial court=s findings of facts and conclusions of
law.  See Ortiz,  917
S.W.2d at 772.  Moreover, the findings of
fact are not so against the weight of the evidence as to be clearly unjust.  Id. 

Accordingly, the trial court=s judgment is affirmed. 

          

                            

 Rogelio Valdez                                                                                                                         Chief
Justice

 

    Do not publish.

    Tex. R. App. P. 47.3

    

    Opinion delivered and
filed

    This
24th day of October, 2002.