Margarito ORTIZ, Petitioner,

v.

Dawn JONES and her husband Thomas E. Jones, Respondent.

No. 95–1152.

Supreme Court of Texas.

Feb. 9, 1996.

Rehearing Overruled April 12, 1996.

---

Mark C. Rains, Michael A. Johnson, Victoria, for Petitioner.

Cynthia T. Sheppard, Victoria, for Respondent.

PER CURIAM.

We decide in this case whether the court of appeals correctly applied the appropriate standard of review for factual sufficiency points of error. We hold that it did not.

On June 7, 1989, Dawn Jones was injured in an automobile accident when her car collided with that of Margarito Ortiz. Soon after the accident, Mike Flynn, an agent for Ortiz's insurance company, took a statement from Jones about the accident, the damage to her automobile, and her physical condition. Jones mentioned only an ankle injury to Flynn during this meeting, although she was also aware of a small area of numbness in her back that had occurred within a week of the accident. Jones and Flynn also had several later conversations about her injuries from the crash.

Ortiz's insurer issued four checks to Jones for claims arising out of the Jones–Ortiz crash. The first check was designated for "property damage loss," while the second indicated that it was to cover "rent car expense." The third check, in the amount of $500.00, bore the notation "all claims bodily injury 06/07/89." The fourth check issued by Ortiz's insurer was made payable to a body shop for repairs to Jones's vehicle.

This case turns on the $500.00 check and the trial court's interpretation of the notation on the face of the check. The check was issued on July 21, 1989, almost six weeks after the accident, and at that time Jones's medical bills and lost wages totalled about $160.00.

In January of 1990, Jones sought treatment from her physician, Dr. Taylor Starkey,

for problems with her back. According to Dr. Starkey, the small area of numbness that Jones had noticed within a week of the crash had grown to an area eight inches in diameter by the time of his examination.

Jones sued Ortiz for her back injuries. After a bifurcated bench trial on Ortiz's affirmative defenses of accord and satisfaction and of release, the trial court held for Ortiz, finding that both parties intended the $500.00 check to cover future medical problems arising from the accident and that Jones was aware of a potential problem with her back before accepting the check. In its conclusions of law, the trial court concluded that acceptance of the check operated as a settlement of all claims arising out of the accident. The court of appeals, however, reversed and remanded. —— S.W.2d ——, 1995 WL 814724 (Tex.App.—Corpus Christi (1995).

The court of appeals acknowledged that under certain circumstances parties may release future personal injury claims. *See, e.g., Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). That court, however, found the evidence factually insufficient to support the trial court's judgment that the $500.00 check was intended to release Ortiz of liability for future personal injury claims. —— S.W.2d at ——, 1995 WL 814724 *1.

▇▇ A trial court's findings of fact are reviewed for factual sufficiency of the evidence under the same legal standards as applied to review jury verdicts for factual sufficiency of the evidence. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). In reviewing a factual sufficiency point, the court of appeals must weigh *all* of the evidence in the record. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Under this Court's holding in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986), the court of appeals must also "clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust." Because we find that the court of appeals did not consider evidence supporting

the trial court's judgment, we reverse the judgment of the court of appeals and remand this case to that court for reconsideration of all of the evidence in the record.

In its perfunctory review of the evidence, the majority focused exclusively on Flynn's testimony: "The only evidence that the check was intended to serve as a release is Flynn's testimony." —— S.W.2d at ——, 1995 WL 814724 *2. The court of appeals summarized his testimony as follows: "He testified that he did not specifically recall what he told Jones but that it was his habit and practice to advise claimants that the check was intended as a release of all injuries, past and future, whether known or unknown." —— S.W.2d at ——, 1995 WL 814724 *2. The court then dismissed Flynn's testimony as giving rise to "no more than inference" that he conveyed his intent to release all future claims and held that the inference was rebutted by "Flynn's other testimony and Jones' controverting testimony." —— S.W.2d at ——, 1995 WL 814724 *3.

▇▇ This recitation of evidence does not justify reversal for two reasons. First, inferences may support a judgment so long as they are reasonable in light of all of the evidence. *Briones v. Levine's Dep't Store, Inc.*, 446 S.W.2d 7, 10 (Tex.1969); *Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286, 290 (1951); *cf. Litton Indus. Prod., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex.1984) ("When circumstances are consistent with either of … two facts and nothing shows that one is more probable than the other, neither fact can be inferred."). Second, *Pool* requires an examination of all evidence in the record; it does not allow the court of appeals to focus only on the weakest evidence supporting the judgment and then choose to believe witnesses that the fact-finder below found unpersuasive. *See also Farr v. Bell*, 460 S.W.2d 431, 435 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.) (noting that a court of appeals cannot "hold that the trial court should have believed the witnesses whose testimony it saw fit not to believe").

The court of appeals did not consider the following evidence tending to corroborate the trial court's finding. First, the court of ap-

peals failed to consider the existence of release language, "all claims bodily injury 06/07/89," on the face of the check. The use of the phrase "all claims" is an objective manifestation of an intent to compensate Jones for more than one ankle injury. Second, Dr. Starkey's records indicated that Jones had noticed the numbness in her back within a week of the accident, meaning that she was aware of a potential back problem more than a month before she received the check. This awareness was significant because Jones testified that the $500.00 check was intended to compensate her for something in addition to her lost wages and medical expenses up to that time. Finally, the $500.00 check was written to Jones when her lost wages and medical bills were less than one-third of that amount. Evidence that Ortiz's insurer issued a check to Jones for three times her actual damages supports the trial court's finding that the parties intended to release future medical claims.

The court of appeals should have considered Flynn's testimony along with the other evidence showing that the parties intended to release future claims, and then compared *all* of that evidence with Jones's evidence. Only then could it determine whether a judgment in favor of Ortiz was so against the great weight and preponderance of the evidence as to result in a manifest injustice.

Accordingly, the Court grants Ortiz's application for writ of error, and pursuant to Texas Rule of Appellate Procedure 170, without oral argument, reverses the judgment of the court of appeals, and remands this cause to that court for action consistent with this opinion.