In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-222 CV


____________________



GUY JAMES GRAY, Appellant



V.



JENEATTA F. CAPPS, INDEPENDENT EXECUTRIX OF THE


ESTATE OF S. E. SIMPSON, DECEASED, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 21754






OPINION


 Appellant Guy James Gray attacks the legal and factual sufficiency of the evidence
to support the trial court's finding of adverse possession. We reverse the trial court's
judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.025, 16.026 (Vernon 1986 &
Supp. 2002).



Standard of Review


 We review a trial court's findings of fact in a case tried to the court in the same
manner as we would review jury findings. See Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994). In reviewing the legal sufficiency of the evidence, we consider only the
evidence and inferences that tend to support the challenged findings and we disregard all
evidence and inferences to the contrary. Id. If there is "more than a scintilla of evidence
to support the findings," the legal sufficiency challenge cannot be sustained. Id. When
we review the factual sufficiency of the evidence we consider all the evidence; we must
uphold the findings unless the findings are so against the great weight and preponderance
of the evidence as to be clearly wrong and unjust. See Ortiz v. Jones, 917 S.W.2d 770,
772 (Tex. 1996). 

Background


 On March 2, 2000, Gray sued appellee Jeneatta F. Capps, independent executrix
of the Estate of S. E. ("Solley") Simpson, to obtain clear title to five acres of land in
Jasper County. In 1976 Solley Simpson purchased 21.23 acres, which included the five
acre tract in dispute here, from Booker T. Horn and Kathryn Horn. Gray purchased the
same five acre tract from Allen Hancock (1) and Cathryn Coley on April 21, 1994. The
parties stipulated to the following facts: 


 There is a continuous claim of title from date of sovereignty, being
the recording of the patent, into Guy James Gray [appellant], for the
surface estate of the 5 acre tract in controversy. 

 The certified copy of the deed from Booker T. Horn to Solley
Simpson [appellees' predecessor], dated October 13, 1976[,] and
recorded in Volume 289 at Page 77 of the Jasper County Deed
Records, is admissible in evidence.

 Solley Simpson and S. E. Simpson were names of one and the same
person.

 The 5 acre tract in controversy is also a part of the land described in
the deed referred to above.

 Any instrument in the chain of title referred to above which may be
offered is admissible in evidence.

 All ad valorem taxes on the property described in the deed referred
to above were paid as they became due thereon, prior to delinquency,
from 1977 through 2000, by S. E. Simpson or the Executor of his
Estate.

 All ad valorem taxes on the 5 acre tract in controversy have been paid
as they became due, before delinquency, by Guy James Gray from
April 21, 1994 to the present, and by his predecessors in title during
the times in which they held title. 


As evidenced by the stipulations, Gray has a recorded deed and a continuous claim of title
back to the sovereign; the Simpsons (2) have a recorded deed from the Horns to S. E.
Simpson; and both parties have paid taxes on the property. The Simpsons do not rely on
the validity of their deed, but instead contend they are entitled to the property under 
adverse possession statutes. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.025, 16.026
(Vernon 1986 & Supp. 2002). 

Analysis


 The three, five, ten, and twenty-five year limitation statutes require that the claimant
of the property must hold it in "peaceable and adverse possession." See Tex. Civ. Prac.
& Rem. Code Ann. §§ 16.024, 16.025, 16.026, 16.027 (Vernon 1986 & Supp. 2002). 
Adverse possession is defined by statute as "an actual and visible appropriation of real
property, commenced and continued under a claim of right that is inconsistent with and is
hostile to the claim of another person." Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1)
(Vernon 1986). "Peaceable possession" is "possession of real property that is continuous
and is not interrupted by an adverse suit to recover the property." Tex. Civ. Prac. &
Rem. Code Ann. § 16.021(3) (Vernon 1986). To prevail on an adverse possession claim,
the claimants, i.e., the Simpsons, must establish all the required elements. See Rhodes v.
Cahill, 802 S.W.2d 643, 645 (Tex. 1990). By virtue of the statutory definitions set out
above, the following elements must be shown: 


 actual possession of the disputed property;
 under a claim of right;
 which is adverse or hostile to the claim of another.


See Sarandos v. Blanton, 25 S.W.3d 811, 815 (Tex. App.--Waco 2000, pet. denied). As
indicated by the separate limitation statutes cited above, the party must also prove other
elements to establish adverse possession as determined by the statute under which the party
seeks to establish title -- whether that be the three year, five year, ten year, or twenty-five
year limitations statute. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.024-16.028
(Vernon 1986 & Supp. 2002). Here the Simpsons sought to establish their title under the
five and ten year statutes. The five year statute provides as follows:

 § 16.025. Adverse Possession: Five-Year Limitations Period


 (a) A person must bring suit not later than five years after the
day the cause of action accrues to recover real property held
in peaceable and adverse possession by another who:


 (1) cultivates, uses, or enjoys the property;


 (2) pays applicable taxes on the property; and


 (3) claims the property under a duly registered deed. 


 (b) This section does not apply to a claim based on a forged
deed or a deed executed under a forged power of attorney.


Tex. Civ. Prac. & Rem. Code Ann. § 16.025 (Vernon 1986). The parties have stipulated
to the elements pertaining to the payment of property taxes and a duly registered deed.

 The ten year statute provides as follows:

 § 16.026. Adverse Possession: 10-Year Limitations Period

 (a) A person must bring suit not later than 10 years after the 
day the cause of action accrues to recover real property held
in peaceable and adverse possession by another who cultivates,
uses or enjoys the property.


 (b)Without a title instrument, peaceable and adverse
possession is limited in this section to 160 acres, including
improvements, unless the number of acres actually enclosed
exceeds 160. If the number of enclosed acres exceeds 160
acres, peaceable and adverse possession extends to the real
property actually enclosed.


 (c) Peaceable possession of real property held under a duly
registered deed or other memorandum of title that fixes the
boundaries of the possessor's claim extends to the boundaries
specified in the instrument. 

 

Tex. Civ. Prac. & Rem. Code Ann. § 16.026 (Vernon. Supp. 2002).


 On appeal, Gray contests the sufficiency of the evidence to support the trial judge's
finding of adverse possession by the Simpsons and the notice of that possession to Gray. 
The trial court made the following findings of fact: the "five acre tract of land . . . was
held in peaceable and adverse possession" by the Simpsons; they "used and enjoyed the
five acre tract of land from 1977 until the filing of this suit"; and "[m]arketable timber was
cut and removed from the five acre tract . . . by [the Simpsons] between June 15, 1994[,]
when it was appraised, and December 1, 1994[,] when the check for the timber was
received by the [e]xecutor [of the Simpson estate]." Specifically, Gray maintains that
these facts -- existence and repair of a fence, the one-time cutting of timber on the five acre
tract, and the presence of some horses at one time on the land -- do not establish adverse
possession, as contemplated by the statute. (3) He also contends the presence of a barbed 
wire fence in the middle of the woods --- where an owner would be unlikely to notice it ---
is not sufficient to constitute notice to him of an adverse possessor. 

 In April 1994, Gray bought the five acres along with other tracts in the area. Gray
testified that prior to purchasing the acreage he actually looked at the other tracts, but he
did not look at the five acre tract. The record reveals the five acre tract had no sheds, feed
troughs, or any other structures on it; it was not cultivated, and no cattle grazed on it at
any relevant time. No signs or notices such as "stay out," "posted," or "no trespassing"
were located on the property. Certainly, this evidence, as detailed in Gray's brief, does
not support a finding of adverse possession. 

 The other evidence is insufficient as well. Jeneatta Capps, one of Solley Simpson's
daughters, testified the family used the acreage for the timber on it. As executor of her
father's estate, Capps entered into an agreement to have the timber cut on the entire 21.23
acres in order to pay the taxes on the estate; the cutting was done on the five acres, as well
as the remainder of the property. The testimony and exhibits together show the timber was
cut in late 1994. 

 Citing Parker v. McGinnes, 842 S.W.2d 357 (Tex. App.--Houston [1st Dist.] 1992,
writ denied), Gray maintains the Simpsons' evidence of timber cutting establishes no more
than sporadic possession, not the continuous possession contemplated by the statutes. He
also directs us to a Beaumont case, W. T. Carter & Brother v. Ruth, 275 S.W.2d 126, 129-130 (Tex. Civ. App.--Beaumont 1955, no writ), and argues that a one-time cutting does
not demonstrate a "clear pattern of working the land and removing timber on a regular
basis." Under both the five and ten year limitations statutes, the Simpsons must have held
the real property in adverse possession and cultivated, used, or enjoyed it continuously for
the term of the applicable limitations statute. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 16.025, 16.026 (Vernon 1986 & Supp. 2002). Here, Capps testified the property was
"used" for timber, but there is no evidence that the timber was otherwise cultivated by the
adverse claimants. The evidence of "use" establishes the timber was cut only once and
harvested in late 1994 after Gray had purchased the five acres; this is insufficient evidence
of continuous cultivation, use, or enjoyment of the property for the required five or ten
years. 

 The record reveals the property was fenced, as the Simpsons claim. Shortly after
Simpson purchased the property in 1976, he completed the fencing of the entire 21.23
acres as a unit; the five acre tract had been enclosed within the fence since that time. The
fencing of land may be evidence of a claim of ownership. See DeArman v. Surls, 618
S.W.2d 88, 91 (Tex. Civ. App.--Tyler 1981, writ ref'd n.r.e.). A fence enclosing
property gives rise to a rebuttable presumption that an adverse claim is being made by the
party in possession. See Karell v. West, 616 S.W.2d 692, 696 (Tex. Civ. App.--Forth
Worth 1981, writ ref'd n.r.e.), aff'd, 628 S.W.2d 48 (Tex. 1982). Under proper
circumstances, fencing may provide the required notice of an adverse claim; the courts
consider "the whole fencing pattern and the use made of the fence, as well as all the other
facts and circumstances" in determining the sufficiency of the evidence of the subjective
intent and the objective manifestation of the adverse claim. See Mixon v. Clark, 518
S.W.2d 402, 406 (Tex. Civ. App.--Tyler 1974, writ ref'd n.r.e.). However, the fencing
described in the record in this case does not satisfy the requirement under both statutes that
the property be actually cultivated, used, or enjoyed. See Mitchell v. Burleson, 466
S.W.2d 646, 656 (Tex. Civ. App.--Beaumont 1971, writ ref'd n.r.e.). 

 John Horn, the son of the Horns who sold the property to Solley Simpson, testified
he helped build the fence around their acreage in the mid 1960s. From that point in time
until the Simpsons bought the 21.23 acres in 1976, the Horns used the acreage for their
horses. Horn testified that even after Solley Simpson purchased the acreage, Simpson 
allowed his worker to keep her horses on the land. The record also contains evidence that
Solley Simpson allowed neighbors to walk on the property and that he let others hunt on
the property. 

 Sporadic, irregular and occasional use of property does not establish the statutory
requirement of continuous use necessary to establish title by adverse possession. See
Vaughan v. Anderson, 495 S.W.2d 327, 331-332 (Tex. Civ. App.--Texarkana, 1973, writ
ref'd n.r.e.). In Vaughan, the court noted that "Our courts have uniformly held that
sporadic, irregular and occasional use of land does not satisfy the statutes." Id. at 332. 
The court there cited several prior cases in stating the following:

 For example, it has been held that the storing of household goods and farm
equipment on the land and occasional and even regular overnight visits to the
land by the claimant are not sufficient. Likewise, a showing of the use of
the land for storage, the occasional grazing of cattle thereon, and occupancy
of a house on the land for four months each year has been held not
sufficient. The grazing of cattle during the grass season only and the storing
of lumber and a buggy and a mower on the lands, as well as similar acts,
have been held to be insufficient. Even the maintenance of fences around the
land and the placing of other improvements on the land, unaccompanied by
actual occupancy or open use, does not constitute such adverse possession
as will satisfy the statutes. Nor is it sufficient to show occasional camping
and fishing on the land. 


Id. at 332 (citations omitted).


 Our review of the record here reveals there is legally insufficient evidence to
support the finding of continuous cultivation, use or enjoyment, under the five year and
ten year statutes. The testimony regarding the occasional use of the tract for horses, the
evidence of the one-time timber cutting on the property, the occasional hunting and
walking on the property, and the existence of the fence as described above, do not satisfy
the requirement of continuous cultivation, use or enjoyment of the property. The judgment
of the trial court is reversed and judgment is rendered that appellees failed to establish their
adverse claims. 

 REVERSED AND RENDERED.

 PER CURIAM

Submitted on November 13, 2001

Opinion Delivered March 14, 2002Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. Allen Hancock is the independent executor of the estate of Alva Hancock. Cathryn
Coley is the sole beneficiary of Alva Hancock's estate. 
2. We refer to the Estate of S. E. Simpson, as represented herein by Jeneatta Capps,
the executrix, as the "Simpsons." 
3. Gray points out, and correctly so, that the Simpsons' payment of taxes does not,
in this instance, tip the scale in favor of adverse possession. Both parties paid taxes on the
property.