Affirmed and Opinion filed July 18, 2002









Affirmed and Opinion filed July 18, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00766-CV

____________

 

STUCKEY DIAMONDS, INC., Appellant

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellees

 



 

On Appeal from the
55th District Court

Harris
County, Texas

Trial Court Cause
No. 97-26816

 



 

O P I N I
O N

Stuckey
Diamonds, Inc. is a manufacturer and wholesaler of jewelry in Houston.  Its inventory is subject to annual appraisal
and assessment for business personal property taxes. Tex. Tax Code ' 6.01(a).  In its 1999 rendition, Stuckey reported it
paid $7,884,673.00 for its inventory, but estimated current value at only 10%
of that amount.  The Harris County
Appraisal District disagreed, and after Stuckey filed a protest, so did the
Harris County Appraisal Review Board.  

 








Stuckey
appealed to the district court.  At trial, Stuckey=s estimate of its 1999 inventory was somewhat more
generousCits expert appraised the inventory
at about 57% of cost.  The trial court
agreed with the District=s experts and valued it at $7,726,890.00, or about 98% of cost.

After
trial, the trial court signed findings of fact and conclusions of law.  Unsatisfied, Stuckey requested 103 additional
findings and conclusions, all but three of which the trial court refused.  On appeal, Stuckey seeks reversal because the
number of findings was too low and the valuation was too high.  Finding no error, we affirm.

                Refusal
to Enter Additional Findings and Conclusions

In an appeal of an appraisal, the
only question the court must settle is the appraised value of the property.  Tex. Tax Code ' 42.24(1). 
This figure was included in the trial court=s
nine findings and conclusions signed on March 9, 2000.  Nevertheless, Stuckey filed a request for 103
additional or amended findings and conclusions on March 20, 2000.  

Findings and conclusions are
equivalent to a jury verdict on special issues. 
Vickery v. Commission for Lawyer Discipline, 5 S.W.3d 241, 252
(Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  A trial court should not make
findings on every controverted fact, but only those
having some legal significance to an ultimate issue in the case.  Vickery, 5 S.W.3d at
255.    Additional findings and
conclusions are not required if they are merely evidentiary, or aimed at tying down
the court=s reasoning rather than its
conclusions.  See Rafferty v. Finstad,
903 S.W.2d 374, 376 (Tex. App.CHouston [1st Dist.] 1995, writ denied) (holding only
necessary finding was ultimate issue C whether division of marital estate
was just and right C rather than evidentiary findings as to parties= relative earning capacities,
investments of separate property in community residence, or cruelty). 
A request for additional findings must be specific; it cannot be buried
among minute differentiations or numerous unnecessary requests.  Vickery, 5 S.W.3d at
254.  








In this case, Stuckey=s requested findings and conclusions
were merely evidentiary, nuances of facts already found, or otherwise unnecessary.  Although Stuckey claims the trial court=s refusal caused the rendition of an
improper judgment and prevents it from adequately presenting its appeal, it
fails to cite one example of how this could be the case.[1]  The trial court did not err in refusing to
enter these additional proposed findings, and appellant=s first point of error is overruled.

                                                    Findings
as to Market Value

In its second point of error, Stuckey
argues the trial court erred in applying the Tax Code.  In its third and fourth points of error,
Stuckey challenges the factual sufficiency of the evidence to support the trial
court=s market value.  Because the arguments presented by Stuckey in
support of these points are closely related, we review them together.

Taxable property is generally
appraised at its market value on January 1st using generally accepted appraisal
methods and techniques.  Tex. Tax Code ' 23.01. 
AMarket value@
for inventory is the price for which it would sell as a unit to a purchaser who
would continue the business.[2]  Id. at ' 23.12.  Stuckey argues that because the appraised
value in the judgment was 98% of its cost, the trial court incorrectly valued
inventory at its cost on a piece-by-piece basis rather than the amount a
potential buyer would pay for it as a unit. 









The District=s
experts admitted their valuation closely approximated Stuckey=s
costs, but maintained this was the correct value under the statutory
definition.  They noted the statute  precluded
comparison with jewelers who were in financial distress or liquidation.  In their cost-approach analysis, they began
with the cost of Stuckey=s inventory, then
applied a 2% discount to reflect Stuckey=s regular clearance sales and a
transportation adjustment.[3]  They then conducted a market-approach
analysis, reviewing (1) four buy/sell transactions of jewelers reported to the
Securities and Exchange Commission, and (2) four other sales transactions known
to one of the appraisers.  According to
the District=s experts, these figures confirmed
that in most sales of inventory between jewelers not in financial straits, the
price was very close to the original cost of the inventory.  See Sears Roebuck & Co. v. Dallas
Central Appraisal District, 53 S.W.3d 382, 389-90 (Tex. App.CDallas 2000, pet. denied) (holding
that book value of inventory can be equivalent to its market value). 

By contrast, Stuckey=s
expert valued its precious stones at 12.5% of cost Abecause
nobody wants them to begin with,@ and semi-precious stones at 5% of
cost because Ait=s
even harder to sell [them].@ 
He opined that deep discounts were necessary in all of Stuckey=s
inventory because prospective purchasers would instead Ago
to New York and buy everything you want individually.@  But this latter remark indicates the District=s
experts were right C the best benchmark for the value
of the inventory as a unit was the amount it would cost to buy the items
individually. 

We disagree with Stuckey that the
trial court=s adoption of the District=s
valuation represents a misapplication of the law.  The District=s
experts cited the proper standard and stated their opinion as to the value if
the inventory was sold as a unit.  Just
because it was their opinion that a purchaser would have to pay close to cost
for the inventory does not mean they applied the wrong standard. 








Moreover, there is a common sense
to the District=s appraisal that is lacking in
Stuckey=s. 
Jay Stuckey testified that the company turns over inventory more than
twice each year through regular and vault clearance sales.  No doubt its manufacturing and marketing services
add value to the inventory, but it is hard to imagine how Stuckey could stay in
business by buying inventory for almost twice what it was worth. 

Stuckey additionally argues that
its expert was more qualified than those of the District.  In general terms, Stuckey=s
expert had more personal experience in buying and selling jewelry inventories,
while the District=s experts had more qualifications
and certifications in general property appraisal and accounting.  But Stuckey raised no objection at trial to
the qualifications or reliability of the District=s
experts or their report.  Absent such
objections, the proper weight to give business experience versus professional
training and expertise is for the trier of fact.  See E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d
549, 558 (Tex. 1995).  We cannot
settle questions of credibility or substitute our judgment for that of the
trial court.  Ortiz
v. Jones, 917 S.W.2d 770, 771 (Tex. 1996).  

We find sufficient evidence to
support the judgment, and that the findings are not against the great weight
and preponderance of the evidence. See Ortiz  at
772.  Appellant=s
second, third and fourth points of error are overruled. 

The judgment is affirmed.

 

 

 

 

 

/s/        Scott Brister

Chief Justice

 

 

Judgment rendered and Opinion filed
July 18, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Publish C Tex.
R. App. P. 47.3(b).











[1]  Stuckey argues
that because the trial court crossed out 100 of Stuckey=s requested findings and wrote Anot established@ beside
them, this acts as a factual finding against the requested findings. But
the trial court=s order making three additional findings included a
statement that the remaining requested findings were refused as Anot established as necessary findings@ (emphasis added). Construing both documents together,
it is clear these findings were rejected not because they were wrong but
because they were unnecessary. 





[2]  This definition of  Amarket value@ under section 23.12 of the Texas Tax Code is a specific
definition applicable to inventory.





[3]  Owner Jay Stuckey testified the company conducted vault
clearance sales nine times in 1999 to keep its inventory current.  Based on historical data from these sales in
Stuckey=s
books, the District=s experts determined that Stuckey=s discount from cost on these sales was less than
2%.  The transportation adjustment was to
reflect costs that would be incurred by a seller that chose to continue the
business at another location.