Affirmed and Opinion filed November 21, 2002
















Affirmed and
Opinion filed November 21, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-00602-CV and

   14-02-00603-CV

____________

 

FOR THE BEST INTEREST AND PROTECTION OF S.E.W.

 

____________

 

On Appeal from
the Probate Court

Galveston County, Texas

Trial Court
Cause Nos. 698 and 698A

 

 

 

O P I N I O
N

            Appellant S.E.W. was committed for
temporary mental health services for a period not to exceed 90 days.  The trial court also ordered the
administration of psychoactive medications to S.E.W. while she was in
custody.  In four issues, S.E.W. asserts
the evidence is legally and factually insufficient to support the orders and
the evidence is insufficient to show she had been properly advised about the
rights of persons apprehended or detained. 
We affirm.  

 








Factual Background

            On May 15, 2002, appellant was found in an
incoherent state at the Bay Area Baptist Church in League
 City, Texas.  The police officer who found her stated she
was not aware of where she was, her age, how she entered the church, or her
place of residence.  She appeared at the
business office of the church claiming her father was trying to kill her.  The officer transported appellant to the Mainland Medical Center emergency
room and she was subsequently admitted to the hospital.

            While at the medical center,
appellant was treated by Dr. Lee Evangeline Emory.  At the commitment hearing, Dr. Emory
testified that appellant suffers from schizophrenia, severe mental, emotional,
and physical distress.  Dr. Emory further
testified that appellant is irrational and does not take her medication.  She also testified that appellant is
preoccupied with imaginary urinary tract infections.  It was also noted that appellant believes her
85-year-old father, who is confined to a wheelchair, is trying to kill
her.  Dr. Emory testified that appellant
is experiencing substantial mental or physical deterioration of her ability to
function independently and cannot provide for her own basic needs such as food,
clothing, health, or safety.  During the
hearing, appellant interrupted the doctor’s testimony, the lawyer’s arguments,
and the court’s pronouncement of commitment. 

            Lorraine Limero,
a therapist at Mainland Medical Center, testified
that she had participated in appellant’s treatment.  Limero suggested
that the ACT team help monitor appellant’s medication.  Appellant told Limero
she thought the ACT team were drug dealers and refused to cooperate with
them.  Andrea Henry, the mental health
liaison for the Gulf Center, recommended
that appellant be placed in Austin State Hospital.

            At the conclusion of the hearing,
the court ordered appellant committed for inpatient mental health services for
a period not more than 90 days.[1]  After signing the commitment order, the trial
court held a hearing on a petition to administer psychoactive medication.  At that hearing, Dr. Emory testified that
appellant lacked the capacity to make a decision regarding the administration
of psychotrophic medication because she believes all
such medication is poisonous to her system. 
The trial court ordered authorities to administer medication even if
appellant refused to take it.  See Tex.
Health & Safety Code § 574.106.

Burden of Proof

            On an application for court ordered
inpatient mental health services, the State must prove the following by clear
and convincing evidence:

(1)                   the proposed patient is mentally ill;

(2)                   as a result of that mental illness the proposed
patient:

                        (a)  is
likely to cause serious harm to herself;

                        (b)  is
likely to cause serious harm to others; or

                        (c) 
is:

(I)  suffering severe and
abnormal mental, emotional, or physical distress;

(ii)  experiencing substantial
mental or physical deterioration of the proposed patient’s ability to function
independently, which is exhibited by the proposed patient’s inability, except
for reasons of indigence, to provide for the proposed patient’s basic needs,
including food, clothing, health, or safety; and

(iii)  unable to make a rational
and informed decision as to whether or not to submit to treatment.

Tex. Health & Safety Code § 574.034(a).  The trial court must specify which criterion
forms the basis for the decision to grant the State’s application.  Id. §
574.034(b).

Standard of Review

            The clear and convincing standard is
the degree of proof that will produce in the mind of the trier
of fact “a firm belief or conviction” as to the truth of the allegations sought
to be proved.  State v. Addington, 588 S.W.2d 569, 570 (Tex.
1979).  In conducting a legal sufficiency
review, we consider only the evidence and inferences tending to support the
fact finding, and disregard all contrary evidence and inferences.  Havner v. E-Z Mart
Stores, Inc., 825 S.W.2d 456, 458 (Tex.
1992).  If any evidence of probative
force exists to support the finding, we will uphold the decision.  ACS
Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex.
1997).  In reviewing factual sufficiency
complaints, we review all the evidence to determine if it was sufficient to
produce, in the fact finder, a firm belief or conviction as to the truth of the
allegations sought to be established.  State v. Addington,
588 S.W.2d 569 570 (Tex.
1979).  See also T.G. v. State, 7
S.W.3d 248, 251 (Tex. App.—Dallas 1999, no pet.).  We will sustain a factual sufficiency
challenge only if, after viewing all the evidence, we conclude the finding is
so against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.
1996).  To constitute clear and
convincing evidence under Mental Health Code subsection 574.034(a), the
evidence “must include expert testimony and, unless waived, evidence of a
recent overt act or a continuing pattern of behavior that tends to confirm (1)
the likelihood of serious harm to the proposed patient or others; or (2) the
proposed patient’s distress and the deterioration of the proposed patient’s
ability to function.”  Tex. Health & Safety Code §
574.034(c).

                                                   Trial
Court’s Findings

            In support of its order, the trial
court found by clear and convincing evidence that appellant was mentally
ill.  The court also concluded that
appellant is suffering from severe and abnormal mental, emotional or physical
distress.  Moreover, the court found that
appellant is experiencing substantial mental or physical deterioration
affecting her ability to function independently, which is exhibited by her
inability to provide for her basic needs, including food, clothing, health, or
safety.  Finally, the court determined
that appellant is unable to make a rational and informed decision regarding
treatment.




 

Sufficiency of Evidence

            In her first three issues, appellant
challenges the legal and factual sufficiency of the evidence to support the
trial court’s order for temporary mental health services and to administer
psychoactive medication.  It is Dr.
Emory’s expert opinion that appellant suffers from schizophrenia.  She explained that appellant is not fully
oriented and often experiences delusions, such as believing that her disabled
father intends to kill her or that she has been poisoned.  In Dr. Emory’s opinion, if not treated,
appellant will continue to suffer severe distress and will continue to
experience deterioration of her ability to function independently.

            Dr. Emory testified that appellant
does not accept her diagnosis and does not consistently take her
medication.  He stated that appellant is
preoccupied with a bladder disfunction.  Despite repeated tests, the doctors did not
find physical evidence to document appellant’s perceived physical problems. 

            Appellant testified she was not
taking her medication because it gave her a bladder infection and she did not
agree with the doctor’s recommended dosage. 
She further testified that she was not afraid her father would kill her,
but is “scared he might hurt me or himself with his steak knives or handgun in
the house or misuse and abuse the police.” 
During Dr. Emory’s testimony, appellant interrupted several times,
asking that Dr. Emory’s license be revoked and stating that Geodon,
a psychotrophic medication, has hurt her bladder and
has to “come out.”

            With regard to recent overt acts,
the medical records reflect that appellant was found wandering in a church and
told the workers in the church office that her father was trying to kill
her.  The police officer who found appellant
stated she was not aware of where she was, her age, who she lived with, or how
she came to be in the church.

            Based on the testimony and medical
records admitted at trial, we find sufficient evidence of a continuing pattern
of behavior or recent overt act as required under section 574.035(d) of the
Health and Safety Code.  Legally and
factually sufficient evidence supports the court’s findings with respect to
severe distress and inability to function independently.

            Dr. Emory and Ms. Limero testified that appellant was unable to make rational
decisions about the administration of medication because she believes all such
medication is poisonous.  Further, when
the ACT team attempted to aid appellant with her medication, she dismissed them
as drug dealers.  

            Accordingly, we find there is
legally and factually sufficient evidence to support the court’s finding that
appellant is unable to make a rational and informed decision regarding
administration of psychoactive medication. 
See L.S. v. State, 867 S.W.2d
838, 843 (Tex. App.—Austin 1993, no pet.). 
Appellant’s first three issues are overruled.

                          Advice to Apprehended or Detained Persons

            In her fourth issue, appellant
challenges the sufficiency of the evidence regarding whether she was properly
advised about the rights of persons apprehended or detained pursuant to Texas
Health and Safety Code section 573.025. 
Section 573.025 provides:

(a) A person apprehended or detained under this chapter has the right:

(1)  to be advised of the
location of detention, the reasons for the detention, and the fact that the
detention could result in a longer period of involuntary commitment;

(2)  to a reasonable opportunity
to communicate with and retain an attorney;

(3)  to be transported to a
location as provided by Section 573.024 if the person is
not admitted for emergency detention, unless the person is arrested or objects;

(4)  to be released from a
facility as provided by Section 573.023;

(5)  to be advised that
communications with a mental health professional may be used in proceedings for
further detention; and




                        (6)  to
be transported in accordance with Sections 573.026 and 574.045, if the person
is detained under Section 573.022 or transported under an order of protective
custody under Section 574.023.

(b)  A person apprehended or
detained under this subtitle shall be informed of the rights provided by this
section:


                        (1) orally in
simple, nontechnical terms, within 24 hours after the
time the person is admitted to a facility, and in writing in the person’s
primary language if possible; or

(2) through the use of a means reasonably calculated to communicate
with a hearing or visually impaired person, if applicable.



            Upon her admission to Mainland Medical Center, appellant
was advised of her rights including the right to contact counsel and that the
information given by appellant could be used in a hearing that might result in
her future detention.  Appellant
testified she had not been advised that she was in a psychiatric unit and that
anything she said and the medical records could be used against her.  The charge nurse for Mainland Medical Center, Alice
Lovell, testified that the medical records reflected that appellant was read
her rights at 10:30 p.m. on May 15, 2002.  We find sufficient evidence to support the trial
court’s finding that appellant was advised of her rights under the Health and
Safety Code.  Appellant’s fourth issue is
overruled.

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 21, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.3(b).











            [1]  Although appellant has been released from her
temporary commitment, her appeal is not moot. 
See State v. Lodge, 608 S.W.2d 910, 911–12 (Tex. 1980).