Reversed and Rendered and Memorandum Opinion filed April 28, 2005









Reversed and Rendered and Memorandum Opinion filed
April 28, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00928-CV

____________

LOUISE F.
MCALLISTER, RUTH MCALLISTER, NAOMI H. MCALLISTER, HERBERT HELITON, BOBBIE
HELITON, AND FALTON HELITON, Appellants

 

V.

 

ROBERT JORDAN,
PUBLIC ADMINISTRATOR OF THE ESTATE OF ETHEL DORIS ROME, DECEASED, Appellee

 



 

On Appeal from the Probate
Court No. 4

Harris County, Texas

Trial Court Cause No. 328,135

 



 

M E M O R A N D U M   O P I N I O N

Appellants are the maternal heirs of
Bettye Jo Grant, who died intestate in 2000. 
Appellants appeal the trial court’s judgment awarding Bettye Jo’s
paternal moiety to appellee Robert Jordan, as public administrator of Ethel
Rome’s estate.  Because no evidence
supports that judgment, we reverse that part of the judgment awarding the
paternal moiety to Jordan and render judgment that appellants receive both the
paternal and maternal moieties of Bettye Jo’s estate.  








Factual and Procedural Background

Bettye Jo never married or had children,
nor did she adopt any children.  Her
mother and purported father, Bruce Grant, both predeceased her, as did her grandparents.  Therefore, when Bettye Jo died intestate, her
maternal heirs filed an application, later amended, to determine heirship with
the probate court in Harris County, Texas. 
Robert Jordan, the Massachusetts public administrator for the estate of
Ethel Doris Rome, filed an original answer asserting that he represented
Ethel’s estate and that Ethel’s estate was entitled to Bettye Jo’s paternal
moiety.  After a number of hearings,
appellants filed a motion for summary judgment asking the court to award them
both the maternal and paternal moieties. 
However, in the final judgment, the court awarded one half of Bettye
Jo’s estate—the paternal moiety—to Jordan, as administrator of Ethel’s estate,
and the other half—the maternal moiety—to appellants.  The final judgment also appointed Bettye Jo’s
maternal nephew, Falton Heliton, as the dependent administrator of Bettye Jo’s
estate.

On appeal, appellants contend the trial
court erred in two respects.  First,
appellants assert the probate code did not allow the trial court to adjudicate
Bettye Jo’s paternity after both she and her purported father had died.[1]  Second, appellants contend the trial court
improperly awarded the paternal moiety to Jordan because there is no evidence
in the record to support his assertion that Ethel Rome was Bettye Jo’s paternal
heir.[2]  Because the second issue is dispositive of
this appeal, we address it first.








Analysis

There is no evidence
that Ethel Rome was Bettye Jo’s paternal heir.

The trial court
made several factual findings in connection with this case.  In particular, the trial court found that
Bruce Grant was Bettye Jo’s father and that he was survived only by his sister,
Ethel Rome.  We review a trial court’s
findings of fact for sufficiency of the evidence under the same legal standards
that are used to review jury verdicts.  Hassell
Constr. Co., Inc. v. Stature Commercial Co., Inc., ---S.W.3d---, 2005 WL
608734, *3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2005, no pet. h.) (citing Ortiz
v. Jones, 917 S.W.2d 770, 771 (Tex. 1996) (per curiam)).  We must sustain a no-evidence challenge when
there is a “complete absence of evidence of a vital fact.”  Marathon Corp. v. Pitzner, 106 S.W.3d
724, 727 (Tex. 2003) (per curiam) (citations omitted). 








In addition to witness testimony, the
evidence in this case consists of Bettye Jo’s birth and death certificates, and
Bruce Grant’s death certificate.  Bettye
Jo’s birth certificate does not name her father, although her death certificate
identifies her father as Bruce Grant. 
Similarly, the witnesses who testified stated that Bruce Grant was
Bettye Jo’s father, but did not testify about Ethel Rome’s relationship with
Bruce Grant.  Jordan asserts that Ethel
Rome was Bruce Grant’s sister, and that she predeceased him.  Therefore, Jordan argues, the paternal moiety
of Betty Jo’s estate should pass through Ethel Rome’s estate to her son, John
Rome.  However, this alleged sibling
relationship—between Ethel Rome and Bruce Grant—has no support in the record.[3]  Given this complete absence of evidence of a
vital fact, the trial court’s finding that Jordan, as Ethel Rome’s estate
administrator, should recover Bettye Jo’s paternal moiety cannot stand.[4]  See id.  We reverse and render judgment that
appellants, as Bettye Jo’s maternal heirs, recover both the paternal and
maternal moieties.  

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 28, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  See Tex. Prob. Code § 42(b).





[2]  In addition,
appellants filed a motion, which was taken with the case, asking this court to
dismiss for lack of jurisdiction because appellee Jordan did not document that
he had standing to bring the suit.  We
conclude that this failure did not deprive the trial court of jurisdiction and
deny the motion.  





[3]  Jordan asserts
that he tendered documentation of this relationship to the trial court.  However, there is no documentation in our
record, nor anything that reflects that this documentation was ever admitted
into evidence during the proceedings below.





[4]  Because the
judgment must be reversed on this ground, we do not address whether section
42(b) of the Probate Code permits the court to adjudicate paternity in these
circumstances.