MARY'S OPINION HEADING 







                                                                                    NO. 12-04-00315-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
HELEN THOMPSON,                                       §                APPEAL FROM THE 173RD
APPELLANT

 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

JAMES L. HOUK AND
KATHERINE L. HOUK,
APPELLEES                                                       §                HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Helen Thompson appeals from a declaratory judgment in a bench trial establishing an
easement on her property in favor of James L. Houk and wife, Katherine L. Houk. In two issues,
Thompson contends the evidence was insufficient to establish either an easement by prescription or
an easement by estoppel. We affirm.
 
Factual Background
            Helen Thompson was born in 1922 and grew up in Henderson County. In 1945, she began
working for the Department of the Navy in Washington, D.C. and remained employed there for thirty-five years. In 1952, she purchased land, the subject of this controversy, upon which she built a brick
home for her mother. After her mother’s death in 1974, Thompson began using the 3.547 acres on
which her mother’s former house was located as rental property.


 In 1980, Thompson hired Joe
Barron as caretaker for the property and its improvements.
            During the 1960s, Cedar Creek Lake (the “Lake”) was built next to the 3.547 acres (the
“Thompson tract”). In 1973, T. R. Francis and wife, Erma L. Francis, purchased a peninsula of 2.32
acres surrounded on three sides by the Lake and connected to land only by the Thompson tract. 
Eugenia Gabelsberger had lived near the Thompson tract since 1970. She testified that the Francises
used what had been a trail (the “access road”) to go through the northwest corner of the Thompson
tract to reach their 2.32 acre peninsula. The Francises built a retaining wall on their 2.32 acres, and
trucks bringing in construction materials traveled this road to and from the Francises’ property. 
            In March of 1992, the Francises sold the 2.32 acre peninsula to the Houks. The Houks moved
a mobile home onto the 2.32 acres and began living there permanently in May of 1992. At that time,
the Houks removed a cable strung across the access road where it connected with County Road 1708
(“CR 1708”) at the northwest corner of the Thompson tract. The Houks placed a mailbox next to the
access road where it connected with CR 1708 and also placed a “Private Drive” sign next to the
access road. The Houks testified that they had purchased gravel in 1993 and 1998 to improve the
twenty-foot access road. Further, they stated that in 2000, they placed their garbage bin where the
access road connected with CR 1708.
            The Houks testified that they exchanged pleasantries with Barron on a number of occasions. 
Barron testified that during these visits he never told the Houks they could not use the access road to
their property. In fact, he testified that the Houks would not be able to reach their land except by
helicopter or boat without this easement. Barron also testified that the Houks never told him they were
claiming the access road as their exclusive property or that he could not use it. He testified that he
used the road whenever he wished. The Houks confirmed that Barron was never denied use of the
road.
            In September of 2002, Katherine Houk contacted Thompson to ask if she would sell them an
easement over the twenty-foot access road. Thompson replied that none of her land was for sale.


 The
Houks filed suit seeking an easement in the twenty-foot access road in March of 2003. Following a
bench trial, the trial court entered a declaratory judgment granting the Houks an easement over the
access road. The trial court filed findings of fact and conclusions of law. This appeal followed.
 
Issues
            In her first issue, Thompson contends that the Houks did not produce sufficient evidence to
establish a prescriptive easement by adverse or hostile possession of the roadway. In her second
issue, she contends that an easement by estoppel was not created because no representation was made
by Thompson or her agent and that, therefore, the Houks did not have a representation upon which
they relied to their detriment. We will consider Thompson’s second issue first.
 
Standard of Review
            Findings of fact in a bench trial have the same force and dignity as a jury verdict and are
reviewable for legal and factual sufficiency of the evidence by the same standards as applied in
reviewing a jury’s findings. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 
In reviewing legal sufficiency, we consider only the evidence and reasonable inferences supporting
the finding. Minnesota Mining and Mfg. Co. v. Nishika Ltd., 953 S.W.2d 733, 738 (Tex. 1997). 
Anything more than a scintilla of evidence is legally sufficient to support the finding. Continental
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). More than a scintilla of evidence
exists where the evidence supporting the finding, as a whole, “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.” Merrell Dow Pharms., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997) (quoting Burroughs Wellcome Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995)). When considering a factual sufficiency challenge, courts of appeals must
consider and weigh all of the evidence, not just that evidence which supports the verdict. Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). We can set aside the verdict only if
it is so contrary to the great weight and preponderance of the evidence that the verdict is clearly wrong
and unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).
            The standard of review for conclusions of law is whether they are correct. Dickerson v.
DeBarbieris, 964 S.W.2d 680, 683 (Tex. App.–Houston [14th Dist.] 1998, no pet.). We will uphold
conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence
supports. Material P’ships, Inc. v. Ventura, 102 S.W.3d 252, 257 (Tex. App.–Houston [14th Dist.]
2003, pet. denied). Thus, incorrect conclusions of law do not require reversal if the controlling
findings of fact support the judgment under a correct legal theory. Id. 
 
Easement by Estoppel
Applicable Law
            Three elements are necessary to the creation of an easement by estoppel: (1) a representation
was communicated, either by word or action, to the promisee; (2) the communication was believed;
and (3) the promisee relied on the communication. Holden v. Weidenfeller, 929 S.W.2d 124, 131
(Tex. App.–San Antonio 1996, writ denied). The doctrine of easement by estoppel (sometimes
referred to as estoppel in pais) has not been applied with the same strictness and conclusiveness as
easements by implication. Mack v. Landry, 22 S.W.3d 524, 528 (Tex. App.–Houston [14th Dist.]
2000, no pet.). The exact nature and extent of the doctrine of estoppel in pais have not been clearly
defined. Drye v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 209 (Tex. 1962). The tacit agreement
or acquiescing behavior by the owner of a servient estate (such as Thompson) when no objection is
made to the use by the owner of a dominant estate (such as the Houcks) may create an easement by
estoppel. See Wallace v. McKinzie, 869 S.W.2d 592, 596 (Tex. App.–Amarillo 1993, writ denied). 
Equitable estoppel in the context of an easement arises when one is not permitted to disavow her
conduct that induces another to act detrimentally in reliance upon it. See id. at 595.
Analysis
            Barron, as Thompson’s representative and agent, was aware that the Francises and then the
Houks could not reach their 2.32 acres located on the peninsula in the Lake without the twenty-foot
access road on Thompson’s property. The record also established that the twenty-foot access road
over the northwest corner of the Thompson tract was gradually improved over the twenty years from
1980 to 2003. When the Houks purchased the 2.32 acre peninsula in 1992, they moved a mobile
home onto the property and began living there permanently. The record shows nothing but permissive
and acquiescing behavior by Barron on Thompson’s behalf to the use of the twenty-foot access road
by the Houks and their predecessors, the Francises. See id. at 596. Evidence of this behavior
constitutes legally and factually sufficient evidence that the Francises and the Houks used the access
road over this twenty-year period with approval and without conflict. This evidence also supports
the trial court’s conclusion that equity would grant the Houks an easement on the twenty-foot access
road over the northwest portion of the Thompson tract. We hold that an easement by estoppel was
created by the actions of Barron, on Thompson’s behalf, and the belief and reliance upon those
actions by the Francises and the Houks. Thompson’s second issue is overruled.
 
Conclusion
            Having held that an easement by estoppel was created by Barron’s actions on Thompson’s
behalf and the belief and reliance by the Francises and the Houks upon those actions, we need not
address Thompson’s first issue. Accordingly, we affirm the judgment of the trial court.
 
 
 
                                                                                                   JAMES T. WORTHEN 
                                                                                                               Chief Justice
 
 
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






 










(PUBLISH)