NUMBER 13-05-00359-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


KEVIN JOHNSON, NONA K. ROBERTS,

THURMAN JOHNSON, WILLIAM JOHNSON,

AND GERALDINE JOHNSON,                                                       Appellants,

 

                                                             v.

 

MELVIN McCLINTOCK,                                                                     Appellee.

                                                                                                                       


    On appeal from the 329th District Court of Wharton County,
Texas.

                                                                  
                                                     

                               O P I N I O N

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                                      Opinion
by Justice Hinojosa

 








Appellants, Kevin Johnson, Nona K. Roberts,
Thurman Johnson, William Johnson, and Geraldine Johnson, appeal the trial court=s finding that under the five-year statute,
appellee, Melvin McClintock, adversely possessed certain property in Wharton
County, Texas.  In one issue, appellants
contend the evidence is legally insufficient to support the trial court=s finding of adverse possession.  We reverse and render.

                                A. 
Factual and Procedural Background

Anne Stevens owned the following three
tracts of land in Wharton County:  (1)
Lot 5A, (2) Lot 3, and (3) Lot 3A.  In
1993, Stevens was declared incompetent, and Mabel Davis was named guardian of
her person and estate.  In 1994, Davis
asked the probate court for permission to sell Lot 5A to appellee.  Appellants contested the sale, and the
probate court denied Davis=s request.

On February 25, 1994, without consulting the
probate court, Davis executed a quitclaim deed purporting to transfer Lot 3A to
appellee and his wife.  A year later, on
March 19, 1995, Davis executed another quitclaim deed purporting to transfer
Lot 3 to appellee=s wife. 
Stevens died on June 19, 1995. 
From 1994 to 2005, appellee paid off a lien that the Department of
Housing and Urban Development (AHUD@) had placed on the property, paid taxes on
the property, and executed a gas, oil, and mineral lease on the property.  Throughout this period of time, appellants
were aware of appellee=s use of and dealings with the land.

After paying off the HUD lien in 2003,
appellee filed suit to quiet title to the property.  In response, appellants demanded that
appellee vacate the property and filed a trespass-to-try-title
counterclaim.  After a bench trial, the
trial court found that, under the five-year statute, appellee had adversely
possessed Lots 3 and 3A.  After the trial
court denied their motion for new trial, appellants filed this appeal.

                                                     B.  Standard
of Review








An appellant may challenge a trial court=s findings of fact for legal sufficiency; we
review those findings under the same legal standard that we apply to the review
of jury findings.  BMC Software Belg.,
N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996).  In
reviewing the legal sufficiency of the evidence, we view all the evidence in
the light favorable to the verdict, crediting favorable evidence if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could
not.  City of Keller v. Wilson,
168 S.W.3d 802, 807 (Tex. 2005).  We will
sustain a legal sufficiency point if the record reveals the following: (a) the
complete absence of a vital fact; (b) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact;
(c) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (d) the evidence establishes conclusively the opposite of the
vital fact.  Id. at 810.  The fact finder is the sole judge of the
credibility of the witnesses and the weight to give their testimony. See id.
at 819.

            C. 
Adverse Possession Under
Five-Year Statute

Appellants contend the trial court erred in
finding that appellee adversely possessed Lots 3 and 3A, because appellee did
not satisfy all the elements of the five-year statute.

Section 16.021 of the Texas Civil Practice
and Remedies Code defines adverse possession as Aan actual and visible appropriation of real
property, commenced and continued under a claim of right that is inconsistent
with and is hostile to the claim of another person.@  Tex. Civ. Prac. & Rem. Code Ann. ' 16.021(1) (Vernon 2002); Clements v.
Corbin, 891 S.W.2d 276, 278 (Tex. App.BCorpus Christi 1994, writ denied).  To establish adverse possession under the
five-year statute: 

(a)       A person must bring suit not later than
five years after the day the cause of action accrues to recover real property
held in peaceable and adverse possession by another who:

 








(1)       cultivates, uses, or enjoys the property;

 

(2)       pays applicable taxes on the property;
and

 

(3)       claims the property under a duly
registered deed.  

 

Tex.
Civ. Prac. & Rem. Code Ann.
'16.025(a) (Vernon 2002).

Appellants
contend that appellee did not satisfy the third element of the statute.  They assert that because a quitclaim deed
only transfers the rights that the transferor possesses, and Davis, as grantor,
did not have the right to transfer Stevens= property, appellee did not present evidence
at trial of a duly registered deed.

Generally, Aan instrument which purports to convey such
right, title, and interest as a grantor may have and no more will not qualify
as a deed under the statute as it does not purport to convey the land itself
nor does it specify any particular interest which is purportedly conveyed.@  Porter
v. Wilson, 389 S.W.2d 650, 654 (Tex. 1965); see Rogers v. Ricane Enter.,
Inc., 884 S.W.2d 763, 769 (Tex.1994) (providing that a quitclaim deed
passes the interest of the grantor in the property); Garza v. Maddux,
988 S.W.2d 280, 289 (Tex. App.BCorpus Christi 1999, pet. denied).  A guardian does not have authority to convey
the property of a ward without approval from the probate court.  Tex.
Prob. Code Ann. ' 820 (Vernon 2005).








The first time she attempted to sell Stevens= land, Davis asked the probate court for
permission to sell, but her request to sell Lot 5A was denied.  Davis never asked the probate court for
permission to convey either Lot 3 or Lot 3A to appellee and his wife.  Instead, she circumvented the probate court
and purported to convey Lots 3 and 3A by quitclaim deeds.  Both quitclaim deeds transferred Aall the right, title, land, interest and
claim@ that Davis, as guardian, had.  However, without the probate court=s permission, Davis, as guardian, had no
right, title, interest, or claim to either Lot 3 or Lot 3A.  Thus, Davis conveyed nothing by her quitclaim
deeds.

Because the record contains no evidence that
appellee=s claim to Lots 3 and 3A was under duly
registered deeds, we hold the evidence is legally insufficient to support the
trial court=s finding that appellee adversely possessed
Lots 3 and 3A.  Appellants= sole issue is sustained.

The judgment of the trial court is reversed
and judgment is rendered that appellee take nothing by his suit.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Opinion
delivered and filed this

the
29th day of June, 2006.