COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-378-CV

 

SAMI
LATIFI                                                                       APPELLANT

 

   V.

 

DELEWARE WAFAYEE AND                                                   APPELLEES

ABDUL VEFALI

 

                                              ------------

 

           FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








Appellant
Sami Latifi sued Appellees Deleware Wafayee and Abdul Vefali for breach of
contract, breach of fiduciary duty, fraud, and negligent
misrepresentation.  After a bench trial,
the trial court entered judgment that Latifi take nothing.  The trial court signed findings of fact and
conclusions of law, and Latifi perfected this appeal.  In two points, Latifi contends that there was
no evidence or insufficient evidence Ato
support the trial court=s findings@ and
that the trial court=s findings are against the great
weight and preponderance of the evidence. 
We will affirm.

Wafayee
testified that he and his brother, Vefali, owned a business named DEW/Celil
Corporation d/b/a Fast Tune & Lube No. 2. 
Wafayee testified that he offered to hire Latifi to work as a mechanic
at this business.  Initially, Latifi said
he would go to work there only if Wafayee Amade
[him] a partner,@ that is, gave him ownership
shares in the business.  Latifi talked of
investing $59,000 in the business and of being a one-third owner, while Wafayee
and Vefali also would own one-third. 
Wafayee testified that Latifi never came up with the $59,000, but
nonetheless he started working as a mechanic for the business.  Eventually, Latifi was fired, allegedly for
repeatedly not reporting to work on time.








Wafayee
and Vefali testified that they paid Latifi the same way the present manager of
the Fast Tune & Lube No. 2 is paid, by paying him a percentage of the
profits and his paycheck.  Wafayee also
explained that the current manager is a signatory on the company=s bank
account.  Wafayee conceded that he and
his brother had added Latifi as a signatory to the DEW/Celil Corporation bank
account so Latifi could Awrite a check and run the
business@ as a
manager if Wafayee and Vefali were not there. 
Both Wafayee and Vefali testified that they had each put $59,000 into
the business and that if Latifi had put $59,000 into the business, they would
have given him one-third of the corporation=s stock.

Either
shortly before or shortly after being fired, according to Wafayee, Latifi
proposed that he purchase the business and gave a proposed Aagreement
for sale and purchase of stock@ to
Wafayee.  But, again, according to the
brothers, Latifi did not come up with the money, and the agreement was never
executed.

Latifi
testified that he paid $59,000 cash to Wafayee to purchase a one-third interest
in the business.  He said that Wafayee
requested to be paid in cash.  Latifi
testified that no documents were signed evidencing his payment and conceded
that he had no way of verifying this payment except through his testimony.  Latifi said that, after his name was placed
on the signature card, he did not ask about his share of the stock until the
second year that he worked at the business. 
According to Latifi, Wafayee said that he was looking for another
business to purchase and that after he found something they would discuss
Latifi=s share
of the business.  But, Latifi never
received the stock shares he had purchased.








Findings
of fact entered in a case tried to the court have the same force and dignity as
a jury=s
answers to jury questions.  Anderson
v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court=s
findings of fact are reviewable for legal and factual sufficiency of the
evidence to support them by the same standards that are applied in reviewing
evidence supporting a jury=s
answer.  Ortiz v. Jones, 917
S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).  Here, although Latifi does
not challenge any specific findings of fact, he claims in two points on appeal
that the evidence is legally and factually insufficient to support the judgment
that he take nothing.

The
evidence presented to the trial court was conflicting.  Latifi claimed that he paid Wafayee and
Vefali $59,000 in cash to purchase a one-third interest in DEW/Celil
Corporation d/b/a Fast Tune & Lube No. 2. 
Wafayee and Vefali testified that Latifi=s buy-in
into the corporation was discussed, but Latifi never came up with the
money.  As was his prerogative, the trial
court judge, as the finder of fact, resolved the conflict in the testimony and
evidence against Latifi.[2]  The trial court=s
findings of fact include findings that 

3.  During 1999, Plaintiff was afforded the
opportunity to purchase 1/3 of the issued and outstanding stock of DewCelil
Corporation, for a cash price of $59,000.00.

 

4.  Plaintiff did not pay any sum of money to
Defendants, in connection with the offer of sale of the stock.








 

5.  Plaintiff did not pay to Defendants the sum
of $59,000.00.

 

. . . .

 

7.  Plaintiff has no equitable interest or claim
in and to any stock of DewCelil Corporation.

 

Having
carefully reviewed the record, we conclude that the evidence supporting the
trial court=s findings of fact is not so
weak, nor is the evidence to the contrary so overwhelming, that the findings
should be set aside and a new trial ordered. 
See Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406‑07
(Tex.), cert. denied, 525 U.S. 1017, 119 S. Ct. 541 (1998); Garza v.
Alviar, 395 S.W.2d 821, 823 (Tex. 1965). 
We are prohibited from merely substituting our judgment for that of the
trier of fact.  See Golden Eagle
Archery, Inc., 116 S.W.3d at 761. 
Accordingly, we overrule Latifi=s first
and second points challenging the legal and factual sufficiency of the
evidence.  We affirm the judgment of the
trial court that Latifi take nothing from Wafayee and Vefali on his claims for
breach of contract, breach of fiduciary duty, fraud, and negligent misrepresentation.

 

                        SUE WALKER

                        JUSTICE

 

PANEL B:  HOLMAN, GARDNER, and WALKER, JJ.

 

DELIVERED:  March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Golden Eagle Archery,
Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003) (holding that the trier of fact is
the sole judge of the credibility of witnesses and the weight to be given to
their testimony).