

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-356-CV

GARY EARL WALKER                                                          APPELLANT

V.

SOUTHWEST BASKETBALL, LLC                                              APPELLEES
AND NBDL FORT WORTH, LLC

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Gary Earl Walker appeals a take-nothing judgment in favor of appellees Southwest Basketball, LLC ("Southwest") and NBDL Fort Worth, LLC ("NBDL"). We affirm.

NBDL and Southwest planned to place an NBA Development League basketball franchise, the Fort Worth Flyers, in Fort Worth. The Fort Worth

---

[1] See Tex. R. App. P. 47.4.

Flyers were to be operated by NBDL which was, in turn, controlled by Southwest. Southwest owned eighty percent of NBDL. David Kahn founded Southwest, and is the sole manager of both Southwest and NBDL.

By September of 2005, Walker had made investments in Southwest totaling $150,000. In August 2006, Walker agreed to invest an additional $75,000 in NBDL following a conference call with Kahn and Tim Berry, of N3 Texas Hoops, LLC ("N3"), during which the parties discussed financial and marketing problems NBDL was experiencing in the Fort Worth market. NBDL continued to experience a lack of progress in the Fort Worth market, and another conference call was held during which Walker requested that his August 2006 investment be returned. Kahn promised he would do everything he could to return Walker's investment.

In December 2006, Southwest was in the process of bringing in a new investor who planned to invest $1,400,000 in Southwest, a portion of which Southwest intended to invest in NBDL. After preparing an amended operating agreement to accommodate the new investor, Kahn emailed a copy of the proposed agreement to Walker for execution. On or before December 14, 2006, the following email exchange ensued:

Email from Khan to Walker:

2

[G]ary, if you haven't already, please send in the signed signature page from the document distributed to [Southwest] investors on 11/30. [W]e're aiming to close today. . . .

Reply from Walker to Khan:

Please send in writing confirmation of our conversation, that Tim [N3] and I will get our money back by [the] end of [the] month. Then I will find the email tomorrow and execute by [the] end of [the] day.

Response from Khan to Walker:

Confirmed. Please send the signed signature page to Lainie Dillon at 503-220-2480. We should be able to send checks to you and Tim [N3] within 48 hours of the close.

Walker eventually signed the amended operating agreement and the new investor was brought in.

In January 2007, NBDL informed Walker that before it would return Walker's August 2006 investment, he would need to sign an LLC Unit Purchase Agreement and Release of Claims, which included an offer by NBDL to buy back the additional units of ownership in NBDL that Walker purchased in August 2006. Walker, however, rejected the offer by making a counter-offer which changed the language in the release of claims. NBDL would not agree to the changes and refused to return Walker's investment.

Walker sued appellees for breach of contract. After a bench trial between Kahn and Walker, the trial court entered a judgment for appellees that Walker

3

take nothing. Walker then filed a motion for new trial, which was denied by the trial court. The trial court entered findings of fact and conclusions of law. Walker filed this appeal.

Walker challenges the legal and factual sufficiency of the trial court's finding that no contract was formed between Walker and appellees whereby appellees would return Walker's August 2006 investment. Walker argues that the evidence conclusively establishes that there was such a contract, and, in the alternative, that the trial court's failure to find such a contract is against the overwhelming weight of evidence to the contrary.

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions.[2] The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.[3]

If a party is attacking the legal sufficiency of an adverse finding on which the party had the burden of proof, and there is no evidence to support the finding, we review all the evidence to determine whether the contrary

---

[2] *... Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).

[3] *... Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

proposition is established as a matter of law.[4]  When reviewing an assertion that the evidence is factually insufficient to support an adverse finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the finding is so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered.[5]

Walker contends that the December 2006 email exchange between him and Kahn conclusively establishes a written agreement on the part of NBDL to reimburse Walker for his August 2006 investment of $75,000 in exchange for his execution of the amended operating agreement.  There was testimony offered at trial, however, showing that NBDL did not understand Walker's email to mean that he was offering to exchange his signature on the amended operating agreement for return of his August 2006 investment.  In fact, at trial, Kahn flatly rejected this interpretation of the email exchange:

> Q.    Did you understand Mr. Walker's e-mail to mean that you were agreeing to exchange his signature on the Amended Operating Agreement in exchange for – – in exchange for [Southwest] paying Mr. Walker $75,000?

---

[4] _Dow Chem. Co. v. Francis_, 46 S.W.3d 237, 241 (Tex. 2001); _Sterner v. Marathon Oil Co._, 767 S.W.2d 686, 690 (Tex. 1989).

[5] _Pool v. Ford Motor Co._, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); _Garza v. Alviar_, 395 S.W.2d 821, 823 (Tex. 1965); _In re King's Estate_, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

A.     Absolutely not.

Kahn further testified that at the time of the December 2006 email exchange with Walker, the parties understood that to unwind the August 2006 investment, the purchase agreement and release of claims would need to be executed.  He said that when he wrote in his email to Walker that, "We should be able to send checks to you and Tim within 48 hours of the close," he was simply confirming that Walker's execution of the amended operating agreement would put NBDL in a financial position to unwind that investment after the release of claims was executed.  Thus, the evidence does not conclusively establish an acceptance of Walker's offer, or a meeting of the minds, to support either a written or oral contract.[6]

Because the evidence does not conclusively establish the elements necessary for the trial court to find a contract between Walker and appellees for the return of Walker's August 2006 investment in exchange for his signature on the amended operating agreement, we overrule appellant's legal sufficiency challenge.  Moreover, after reviewing all of the evidence in the record relevant to the trial court's finding that no contract was formed between

---

[6] See generally Hubbard v. Shankle, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied) (listing elements for valid contract).

6

Walker and appellees, we cannot say that the trial court's finding is against the great weight of the evidence.

We overrule Walker's four issues.  The trial court's judgment is affirmed.

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and MEIER, JJ.

DELIVERED:  December 23, 2009