

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00141-CV

Marilyn **STEWART**,
Appellant

v.

**WARREN PROPERTIES, INC.**, Agent for Vineyard Garden Apartments,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 383509
Honorable Walden Shelton, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 5, 2014

VACATED IN PART AND AFFIRMED IN PART

This is an appeal from the county court at law's judgment in a forcible detainer action against Marilyn Stewart.  The judgment granted possession of the property to Warren Properties, Inc., as agent of Vineyard Garden Apartments, awarded it past-due rent in the net amount of $1,503.00, and awarded it attorney's fees in the amount of $650.00.  We vacate the part of the trial court's judgment awarding possession because that issue is moot, and otherwise affirm the judgment.

Warren Properties filed the forcible detainer action in December 2012, alleging Stewart remained on the property after having been given written notice to vacate for failure to pay rent when due. The justice court rendered judgment for Warren Properties, and Stewart appealed by filing an uncontested affidavit of indigence and paying $759.00 into the registry of the court. *See* TEX. PROP. CODE ANN. § 24.0053(a-1) (West Supp. 2013); TEX. R. CIV. P. 510.9(c)(5)(B)(i) (*formerly* Texas Rule of Civil Procedure 749b(1)).

The county court at law conducted a de novo trial in February 2013. The apartment manager, Sharon Tovar, testified Stewart signed a rental agreement in March 2012. The agreement is for a month-to-month tenancy and provides that rent is due on the first day of the month. Tovar testified that the agreement originally stated rent was $754.00 a month, but was changed in March 2012 to state $759.00. Tovar testified Stewart's November 2012 rent was paid late, and no rent was paid for December. She gave Stewart a written notice to vacate in early December because the rent was due and unpaid. As of the date of trial, Stewart remained in the apartment, but had not paid the rent due for December 2012, January 2013, or February 2013. Stewart did not make any further rent payments into the registry of the county court while the de novo appeal was pending. *See* TEX. PROP. CODE ANN. §§ 24.0053(b), 24.0054 (West Supp. 2013); TEX. R. CIV. P. 510.9(c)(5)(B)(ii) (*formerly* Texas Rule of Civil Procedure 749b(2)).

On cross-examination, Tovar acknowledged that Stewart had been a good tenant. She also testified that Stewart had proposed to make her rent payments in two installments during the month. Tovar testified that Warren Properties does not accept partial payments and that she so told Stewart.

Tovar further testified that the rental agreement provides that if it is necessary to file suit, Warren Properties may recover its attorney's fees. Counsel for Warren Properties testified about

his qualifications and experience in these types of cases. He further testified that a reasonable fee for the work he performed in the case, both in the justice court and in the county court, is $650.00.

The county court at law rendered judgment in favor of Warren Properties. The court awarded Warren Properties: (1) possession of the premises; (2) three months' rent at a rate of $754.00 per month; and (3) attorney's fees of $650.00. The court ordered Stewart to vacate the apartment by March 4. The judgment, signed February 22, 2013, ordered that the $759.00 in the registry of the court be paid to Warren Properties and credited against the judgment. In addition, the court awarded Warren Properties its taxable costs. No findings of fact and conclusions of law were requested or made.

Stewart filed an affidavit of indigence and a notice of appeal. Subsequently, on March 1, 2013, the parties agreed Stewart would vacate the premises before March 11 and that a writ of possession would not be executed before that date. The agreement was reduced to writing, signed by both parties, and filed with the court. Stewart eventually vacated the premises. On appeal, Stewart contends generally that the record does not support the judgment.

## STANDARD OF REVIEW

When the trial court has not made express findings of fact, it is implied that the trial court made all necessary findings to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We may review the implied findings for legal and factual sufficiency. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

In reviewing the legal sufficiency of the court's implied findings, we credit favorable evidence that a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The evidence is factually

insufficient only if, considering all of the evidence in the record, the trial court's findings are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 690-91 (Tex. App.—San Antonio 2012, no pet.).

## DISCUSSION

Possession

Stewart first contends the trial court erred in awarding possession to Warren Properties because she should have been able to pay her rent in two installments, the stove in her apartment did not work properly, the rent charged was substantially higher than market value, and Warren Properties had accepted late payments in the past.[1]  Warren Properties argues the issue of possession is moot.

A judgment of possession in a forcible detainer action is solely a determination of the right to immediate possession of the premises; it is not intended to be a final determination of whether the eviction was wrongful. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *see* TEX. PROP. CODE ANN. § 24.008 (West 2000) ("[A]n eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits.").  Where there is no live controversy between the parties as to a current right to immediately possess the property, the issue of possession is moot. *Marshall*, 198 S.W.3d at 787.

Stewart's month-to-month rental agreement has long expired and she does not contest Warren Properties' assertions that no writ of possession was ever executed and that Stewart vacated the premises in March 2013.  She does not present any basis for claiming a right to current,

---

[1] The record contains no evidence about the market value of the apartment or whether Warren Properties regularly accepted late payments, nor is there evidence the apartment was not habitable.  We also note that the rental agreement required payment in full on the first day of the month and Stewart has cited no authority that a landlord must accept installment payments of rent.

actual possession of the premises. Under these circumstances, the issue of possession of the premises is moot. *See id.* The proper disposition of the claim for possession is to vacate that part of the judgment. *See id.* at 790; *Cavazos v. San Antonio Housing Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.).

Award of rent

Stewart next complains about the amount of rent awarded in the judgment. The uncontroverted evidence at trial was that Warren Properties did not receive rent payment for the months of December 2012, January 2013, or February 2013. Stewart remained in possession of the apartment until after the February 22, 2013 trial and therefore owed rent for those months. She also complains of confusion in the record about whether her rent was $754.00 or $759.00 per month. The evidence was that Stewart's rental agreement originally stated $754.00, but was corrected or amended in March 2012 to state rent was $759.00 per month.[2] Nevertheless, any confusion in the record was resolved in Stewart's favor because the trial court awarded rent at the rate of $754.00 per month.

The judgment against Stewart for three months' rent at $754 per month, with a credit for the $759 that she paid into the registry of the court, is supported by more than a scintilla of evidence and is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

Attorney's fees and costs

Stewart next complains of the trial court's award of attorney's fees and costs. The rental agreement provided that Stewart would be liable for reasonable attorney's fees and costs if Warren Properties was required to file a suit for eviction. *See* TEX. PROP. CODE ANN. § 24.006(b), (d)

---

[2] In her brief, Stewart asserts that she was denied the opportunity to call a witness who would testify differently. The record does not support the assertion.

(West 2000) (where written lease so provides, landlord entitled to recover reasonable attorney's fees, and prevailing party is entitled to recover costs of court); *see also* TEX. R. CIV. P. 510.11 (recoverable attorney's fees include fees incurred in both justice and county courts) (formerly Texas Rule of Civil Procedure 752).

The record contains legally and factually sufficient evidence that Stewart contractually obligated herself to pay attorney's fees and costs of court and that $650.00 is a reasonable attorney's fee. Stewart does not present any legal basis for reversing the award.

### CONCLUSION

We vacate the trial court's judgment of possession because the issue is moot. We affirm the trial court's judgment in favor of Warren Properties for rent in the net amount of $1,503.00, attorney's fees of $650.00, costs, and post-judgment interest.

Luz Elena D. Chapa, Justice