**AFFIRM and Opinion Filed June 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00396-CV

**LISA BEARD AND CASEY BEARD, Appellants**
**V.**
**SHERRY ANDERSON, Appellee**

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 86969CC**

## MEMORANDUM OPINION

Before Justices Evans, Brown, and Stoddart
Opinion by Justice Evans

Lisa Beard and Casey Beard (collectively the "Beards") appeal from a trial court judgment assessing actual damages for violation of the Statutory Fraud Act in favor of Sherry Anderson. The Beards raise two issues on appeal: (1) the legal and factual sufficiency of the evidence to support the trial court's finding that the parties entered into an enforceable contract for the sale of real estate, and (2) the trial court's conclusion that appellants committed fraud on contract is based on the erroneous finding of an enforceable contract. For the reasons stated below, we affirm the trial court's judgment.

The trial court awarded damages to Anderson after finding the Beards committed statutory fraud. *See* TEX. BUS. & COM. CODE ANN. § 27.01 (West 2009). Fraud may be found in a real estate transaction when a false promise to do an act is (1) material, (2) made with the

intention of not fulfilling it, (3) made to induce that person to enter into a contract, and (4) relied on by that person in entering into that contract. *Id.* Both issues raised by the Beards in this appeal rely on the trial court's finding the parties entered into a valid oral contract for the sale of real estate. The Beards argue the oral contract is barred by the statute of frauds. Our resolution of these issues is based on the doctrine of partial performance. Because all dispositive issues regarding the law of the partial performance exception to the application of the statute of frauds are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4; *see also Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.).

Lisa and Casey Beard are Anderson's niece and nephew-in-law. When visiting family in the North Texas area, Anderson would visit the Beards at their home. After seeing a For Sale sign posted in front of a structure on the Beard's 2.89 acres, Anderson approached the Beards about purchasing a portion of the property, including the structure. According to Anderson, the parties came to an agreement but never signed any documents memorializing the transaction. In May 2010, Anderson wrote a check to the Beards for $10,000 and began living in her RV, which was parked behind the structure on the property. Anderson immediately began spending money on the property, including replacing the septic system for the entire 2.89 acres and making various improvements to the structure to renovate it into an apartment. Between 2011 and 2012, Anderson and the Beards attempted to negotiate an agreement in writing, but the parties were not able to agree on the terms. Due to the death of a family member and family disagreements, all communication between Anderson and the Beards ceased in the fall of 2012. In January 2013, the Beards served Anderson with a notice to vacate the premises, and this suit ensued.

Anderson sued the Beards seeking specific performance or damages in the alternative. After a trial before the court, the court entered judgment for Anderson awarding damages of

$69,923.19, attorney's fees, and imposing a constructive trust against the Beards' property. The Beards now appeal.

We will sustain a challenge to the legal sufficiency of the evidence if the record shows a complete absence of a vital fact, rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a scintilla, or the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). We consider the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 827. We do not substitute our judgment for that of the trier of fact, so long as the evidence falls within a zone of reasonable disagreement. *Id.* at 822. Thus, "where circumstantial evidence is not equally consistent with either of two facts, and the inference drawn by the jury is within the 'zone of reasonable disagreement,' a reviewing court cannot substitute its judgment for that of the trier-of-fact." *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 621 (Tex. 2014) (per curiam). In reviewing a factual-sufficiency challenge, we weigh all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We will overturn the finding only if it is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Id.* Findings of fact in a case tried to the court have the same force and effect as a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *May v. Buck*, 375 S.W.3d 568, 573 (Tex. App–Dallas 2012, no pet.). Where, as here, a complete reporter's record is filed, the trial court's fact findings may be reviewed for legal and factual sufficiency under the same standards as jury verdicts. *May*, 375 S.W.3d at 573.

In their first issue, the Beards argue the evidence is not legally and factually sufficient to support the trial court's finding that the parties entered into an enforceable contract for the sale of

real estate. Anderson responds that the trial court's finding of an enforceable contract is supported by the evidence of partial performance.

The statute of frauds requires a contract for the sale of real estate to be in writing and signed by the person to be charged. TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009); *May*, 375 S.W.3d at 574. However, under the equitable partial performance exception, an oral agreement that does not satisfy the traditional statute of frauds but that has been partially performed may be enforced if denying enforcement would itself amount to a fraud. *Gaubert*, 286 S.W.3d at 554. Under this doctrine, an oral contract for the purchase of real property is enforceable if the purchaser: (1) pays the consideration; (2) takes possession of the property; and (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract were not enforced. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992). These steps provide sufficient evidence of an agreement because they provide affirmative corroboration by both parties to the agreement. *Id*.

The Beards raise three specific challenges to the sufficiency of the evidence to support the trial court's finding of an oral contract: (1) no evidence establishes Anderson's possession of the property, (2) no evidence establishes the fair market value of the property, and (3) no evidence establishes a legal property description.

As for evidence of possession of the property, the Beards argue that because Anderson never paid taxes on the property and never lived in the structure itself, there was no evidence Anderson possessed the property. We disagree. The record provides evidence that Anderson paid to have a concrete pad installed and then moved her RV onto the pad, which is where she lived while making the improvements inside the structure. The Beards do not dispute that Anderson lived in her RV on the property in question. Further, Texas has not adopted a rule

requiring exclusive physical possession. *See Sharp v. Stacy*, 535 S.W.2d 345, 350 (Tex. 1976). As for taxes, the Beards have provided us with no authority for the proposition that payment of taxes is required to show possession.

The Beards argue evidence regarding the fair market value of the property was required in order to prove "valuable" improvements were made to the property. We disagree. The making-valuable-improvements element of a claim of partial performance may be satisfied with evidence that the buyer made "a serious change of position in reliance upon the oral contract," which requires something more than the mere payment of consideration such that the buyer "will suffer an additional and substantial out-of-pocket loss" if the seller is permitted to avoid the contract. *Cowden v. Bell*, 300 S.W.2d 286, 290 (Tex. 1957). Anderson testified she moved to North Texas in reliance on the oral contract. She provided detailed descriptions of expenses that total $51,938.19 including an initial payment to the Beards for $10,000, monthly payments of more than $400, replacement of the septic system for the entire property for $8,625, and other expenses for improvements made to the existing structure.

Lastly, the Beards contend that if there was a contract, it was not complete because there is insufficient evidence of a legal property description. Again, we disagree. Both parties introduced evidence of a contract that they had been negotiating which contained a property description. Further, the Beards did not object to evidence of a drawing of the property, prepared by Casey Beard, that was also sufficiently specific as to the portion of the property to be conveyed.

Reviewing the evidence of Anderson's paid consideration, possession of the property, and permanent and valuable improvements made to the property, in the light most favorable to the court's findings and indulging every reasonable inference in support thereof, we conclude that there was more than a scintilla of evidence supporting the trial court's finding that the parties

entered into an enforceable contract for the sale of real estate. *See May*, 375 S.W.3d at 573. Further, viewing the evidence in a neutral light, we do not find the trial court's findings were so contrary to the evidence as to be clearly wrong or unjust. *Id.* Accordingly, the Beards' first issue is overruled.

In their second issue, the Beards argue the evidence is not legally and factually sufficient to support the trial court's finding that the Beards committed fraud because the trial court erred in its finding of an enforceable contract. Having determined the evidence was sufficient to support the trial court's finding of an enforceable contract, we overrule the Beards' second issue for the reasons stated in our discussion of their first issue.

In conclusion, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

140396F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LISA BEARD AND CASEY BEARD,
Appellants

No. 05-14-00396-CV      V.

SHERRY ANDERSON, Appellee

On Appeal from the County Court At Law
No. 1, Kaufman County, Texas
Trial Court Cause No. 86969CC.
Opinion delivered by Justice Evans. Justices
Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee SHERRY ANDERSON recover her costs of this appeal
from appellants LISA BEARD AND CASEY BEARD.

Judgment entered this 19th day of June, 2015.